## P. B. YATES MACH. CO. v. GROCE et al.
### (No. 8721.)

Court of Civil Appeals of Texas. Galveston.
March 17, 1927.

Rehearing Granted June 30, 1927.

1. Appeal and error ⚖➝1177(8)—Damages for breach of sales contract, based on additional findings of trial court, not particularized, cannot be sustained.

In purchaser's suit to rescind sales contract for machine and for expense and other special damages resulting from failure of machine to work as warranted, amount awarded on additional findings by trial court, which were neither particularized in its judgment nor elsewhere in record, does not enable Court of Civil Appeals to sustain sums claimed or embraced therein, though some of claims may be sustained by sufficient proof.

2. Sales ⚖➝130(4)—Freight on lumber improperly manufactured by machine and loss of profits therefrom held not recoverable as damages for failure of machine to work.

In purchaser's suit for rescission of sales contract and to recover damages from failure of machine to work as warranted, freight on car of lumber returned because of machine's failure to make flooring, which lumber was purchased more than 15 days after contract in suit was executed, and profits which would have been realized from sale of lumber *held* not recoverable, in absence of special circumstances showing that purchase of lumber for use in machine was reasonably within contemplation of parties when contracting for sale of machine.

### On Motion for Rehearing.

3. Sales ⚖➝130(4)—Purchaser rescinding sale of machine could recover freight and unloading charges, labor in installing and operating machine, and damage to lumber run through machine.

In purchaser's suit for rescission of sale contract for machine and for expenses and damages resulting from failure of machine to work as warranted, freight on machine and expense of unloading machine, labor for installing and operating machine, and damage to lumber run through machine were properly recovered.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Suit by J. W. Groce and others against the P. B. Yates Machine Company, in which defendant reconvened. Judgment for plaintiffs, and defendant appeals. Reformed and affirmed.

Campbell, Myer, Simmons & Hawkins, of Houston, for appellant.

K. C. Barkley and W. Owen Dailey, both of Houston, for appellees.

GRAVES, J. Appellees sued appellant for rescission of a sales contract for a machine, also for expenses and other special damages alleged to have resulted to them from the failure of the machine to do the work it was sold for; appellant reconvened on the contract for the stipulated purchase price of the machine.

In the trial court appellees recovered on both claims, while appellant lost on its one; on appeal to this court, the denial of relief to appellant on its cross-action was affirmed, but, by a divided bench, appellees' cause of action for rescission as well as for damages was rendered against them, without inquiring into the question of whether or not any of the damage items were sustained by the evidence, one member holding them entitled to rescission and that the cause for damages should have been sent back for another hearing. See (Tex. Civ. App.) 281 S. W. 226–232, inclusive, for majority and minority opinions.

On writ of error, the Supreme Court, through the Commission of Appeals, affirmed the denial of relief to appellant on its cross-action, but reversed this court's judgment in adversely rendering appellees' cause of action for both rescission and damages, holding them entitled to the rescission decreed by the trial court as well as such damages as the evidence supported, and remanded

the cause to this court solely for its consideration of appellant's contention that the evidence was insufficient to support the damage claims recovered upon. See 288 S. W. 161.

[1] We have accordingly gone into the matter upon this hearing, and conclude that appellant's position must be sustained. Only two of the damage items claimed were passed upon by the jury, they finding that the $106.-64 and $657.85 amounts for labor in installing the machine and in attempts to make it work, respectively, were incurred for those purposes, as charged; the balance of the $2,-096.94 awarded, or $1,332.45, was upon additional findings by the trial court direct, which are neither particularized in its judgment nor elsewhere in the record. This court is therefore unable, unless possibly by speculation, to determine what others of the sums claimed are embraced within it, and for that reason, even though some of them may in fact be sustained by sufficient proof, cannot isolate and hold them properly recovered for, if any of them are found not to be.

Looking then, first, to the two items passed upon by the jury, and, second, to the additional ones declared upon in appellees' pleadings, and which must form the basis for the court's added finding of $1,332.45, this seems to us to be the state of the evidence:

(1) The $106.64 for labor in installing the machine was made up of two pay roll totals of $41.64 and $65, respectively, the former covering preparatory work done during the week ending July 29, 1922, before the machine arrived on July 31, 1922, and the latter installation work proper during the week beginning July 31 and ending August 5, 1922; the $657.85 item for labor in ineffectual efforts to operate the machine represented the aggregate of the pay rolls from July 31 to September 9, 1922, and apparently not only included for a second time the $65 charge already so allowed under the preceding amount of $106.64, but also is not shown to have been all incurred for work upon this machine alone.

(2) Of the residue sought by appellee, $291.40 was for freight and $25 unloading charges on the machine, $260 for injury to 6,500 feet of white oak lumber resulting from the effort to run the same through it, $581.81 for freight, unloading cost, and loss in sales' price on one car of quarter-sawed white oak lumber returned to seller thereof on account of failure of the machine to make salable flooring out of it; the remaining $1,000 claimed, as best we can decipher the allegations, seems to have been for special profits lost by reason of inability to make such flooring out of this last-mentioned timber.

[2] The evidence indicates that the first two of these items were incurred as charged, and if they were included in the court's findings under consideration, no reason appears for not holding them properly so; but

the $581.81 of like charges on the car of white oak lumber—purchased more than 15 days after the contract in suit was executed —was not recoverable, in the absence of special circumstances showing that its purchase for use in the machine was reasonably within the contemplation of the parties when contracting for the sale and purchase of the machine; no such proof was made, it not appearing that appellant even then knew that such lumber would be needed or used. This consideration would likewise defeat the last made claim for $1,000 profits, which it was alleged would have been realized from the sale of this same material, if it had been made into merchantable flooring.

As concerns the $260 for injury to the 6,500 feet of lumber that did go through the machine, we are unable to determine from the piecemeal state of the record touching the matter just what elements entered into it; if appellees manufactured the lumber with this machine—after a fashion, at least—and sold the same at a loss of $40 per thousand under the market price for properly made flooring, their measure of damages would be the loss in value of the product as so turned out, but they could not in that event recover the cost of such manufacture, because that would be allowing them double damages; it does not sufficiently appear from the evidence that the $260 did not include a part of such cost.

Pursuant to these conclusions, so much of the judgment as allowed appellees the $2,-096.94 damages has been reversed and the cause affecting such damages remanded, with instructions to the trial court to again try the issues concerning them; in all other respects, the judgment remains undisturbed.

Reversed and remanded, with instructions.

## On Motion for Rehearing.

Appellees now confess there was error in the allowance to them of the $581.81 for freight, etc., on one car of white oak lumber returned to the seller because of the machine's failure to make flooring out of it, together with 6 per cent. interest per annum thereon from September 16, 1922, to June 22, 1924, or $61.59 more, aggregating an admitted excess in the trial court's judgment in their favor of $643.40.

It has also satisfactorily been made to appear that the $2,096.94 awarded them did not include the $1,000 claimed for lost profits on this same lumber, as we before thought, but was made up of these items:

| | |
|---|---:|
| (a) Freight on machine................ | $ 266 40 |
| (b) Unloading charge on machine.......... | 25 00 |
| (c) Labor, installing machine............ | 106 64 |
| (d) Labor, operating machine............ | 657 85 |
| (e) Damage to white oak lumber, run through machine ...................... | 260 00 |
| (f) Freight, etc., on unused car of lumber.. | 581 81 |
|     Totaling ............................ | $1,897 70 |

$199.24, as 6 per cent. interest on this $1,-897.70 to the date of the trial, was added, yielding the amount adjudged.

[3] On mature reconsideration, we conclude that, after striking out this $643.40, the resulting $1,453.54 of the recovery may be upheld. As originally stated, the first two items of the balance, (a) and (b), for freight and unloading charges, were shown to have been incurred as alleged; evidence pointed out upon rehearing is at least susceptible of the finding that (c) and (d), for labor accounts in installing and thereafter operating the machine, respectively, were separate and distinct charges for work actually done upon this machine, and should be given that construction; moreover, appellant seems to have presented no contention that they impinged each other; the evidence referred to likewise sustains the allowance of item (e) of $260 for depreciation in the value of the lumber run through the machine in the effort to make flooring of it.

Appellees' motion for rehearing will therefore be granted, and the trial court's judgment, after being so reformed as to reduce it to $1,453.54 as of the date of its rendition, will be in all things affirmed.

Reformed and affirmed.