**GROCE et al. v. P. B. YATES MACH. CO.**
(Nos. 852–4578.)

(Commission of Appeals of Texas, Section A. Nov. 24, 1926.)

**1. Contracts ⬉238(2), 254—Pre-existing agreement may be modified or rescinded by parol, except when within statute of frauds.**

Power to modify or rescind pre-existing agreement is co-extensive with power to initiate it, and modification or rescission may rest in parol, except in cases within the statute of frauds.

**2. Contracts ⬉238(2), 254—Provision forbidding change or modification of contract without written memorandum does not preclude mutual rescission or modification.**

Provision in contract, forbidding subsequent change or modification except by written memorandum attached and made a part thereto, does not operate so as to preclude mutual rescission or modification.

**3. Contracts ⬉237(2)—Novation ⬉1—Mutual promises are sufficient consideration for novation or modification of executory contract.**

Mutual promises, express or implied, furnish sufficient consideration for novation or modification of executory contract.

**4. Sales ⬉130(4)—Provision that retention of property after 30 days constituted trial and acceptance and voided warranties did not preclude buyer's recovery of special damages and expenses on rescission after waiver of 30-day return provision.**

Provision in sale contract that retention of property after 30 days constituted trial and acceptance and voided all contracts of warranty held not to preclude buyer's right to recover expenses and special damages on rescission of contract subsequent to 30-day period in accordance with seller's waiver of 30-day return provision; such damages being incident to remedy of rescission.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by J. W. Groce and others against the P. B. Yates Machine Company, wherein defendant filed a cross-action. Judgment for plaintiffs was affirmed in part and in part reversed by the Court of Civil Appeals (281 S. W. 226), and plaintiffs bring error. Affirmed in part, and in part reversed and remanded.

K. C. Barkley and W. Owen Dailey, both of Houston, for plaintiffs in error.

Campbell, Myer & Simmons, of Houston, for defendant in error.

NICKELS, J. Groce et al. brought suit to cancel a sales contract whereunder they had conditionally purchased a machine, and to cancel certain notes given therefor, and for the recovery of damages made up of expenses incurred as freight and drayage charges and labor bills in connection with the receipt, installation, and attempts to operate the machine. These items aggregated in amount the sum of $1,089.25. Additional items of damage were pleaded as follows: $260, injury to 6,500 feet of white oak lumber incurred in the attempt to work it in the machine; $581.80 freight and labor expenses incurred in the purchase and return of lumber purchased to be worked in the machine and then marketed; $1,000 profits lost by reason of the inability to make flooring out of the lumber just mentioned. P. B. Yates Machine Company, after interposing various exceptions and defenses to the petition, reconvened and prayed judgment upon the notes.

The case was submitted to the jury upon special issues. In response to certain questions, the jury found that it was "reasonably

within the contemplation of the parties to the contract at the time of the sale of the machine * * * that if it did not do the work which it was represented it would do * * * the plaintiffs would be damaged" in each and all of the respects alleged; but no issues were submitted, or requested, and no findings made by the jury as to the amount of such damages, except that $106.64 and $657.85 were found to be the amounts of damage incurred on account of labor in installing the machine and in attempting to operate it. Judgment was rendered "annulling, canceling, and holding for naught" the sales contract, awarding Groce et al. damages in the sum of $2,096.94, and denying any relief to P. B. Yates Machine Company. The judgment embraces the special issues submitted and the jury's answers, and in immediate connection therewith includes a recital that—

"By agreement of counsel prior to the submission of the said issues to the jury, the court found certain facts necessary to sustain this judgment."

The findings thus made are not further particularized in the judgment or elsewhere in the record, and no assignments of error, except one to be noticed below, were directed at such findings.

Upon the appeal of P. B. Yates Machine Company that part of the judgment denying it relief upon the cross-action was affirmed and the judgment otherwise was reversed by the Court of Civil Appeals, 281 S. W. 226. Judge Graves approved the reversal, but dissented to the reasons assigned therefor. The judgment of affirmance is not attacked, but writ of error was allowed Groce et al.

We have not undertaken a complete restatement of the case; we refer to the opinions of the Court of Civil Appeals and to the opinion of dissent for a general description of the issues between the parties. The case as now presented may be given disposition, we think, upon some general principles.

[1-3] The power to modify or rescind a preexisting agreement is coextensive with the power to initiate it; that is an incident of contractual capacity. 9 Cyc. 593; 35 Cyc. 124. Except in cases within the statute of frauds, etc., the modification or rescission may rest in parol. The fact that the instrument which evidenced the original agreement of the parties here contained a declaration, "that this contract shall not hereafter be changed or modified in any respect unless a written memorandum, embodying such changes or modifications, duly dated, signed by both parties hereto, and bearing distinct date reference to this contract be attached to and made a part of this agreement," is not important, for it is no more than a statement that able-minded persons, on to-morrow, will not have contractual capacity despite their investment with it by nature and the

law. In all material respects the contract involved was executory, and if there was a novation or modification, the mutual promises, expressed or implied, furnished whatever consideration was needed. The power mentioned, of course, includes ability to waive performance of provisions embraced in the original contract.

[4] The sales contract, by the terms of which title was retained in the seller until the property should be "fully paid for," contained a stipulation that—

"In case of rejection of the property forwarded, or failure to pay as stated herein, * * * the purchaser shall at once return and deliver the property in good order to consignor f. o. b. case at Beloit, Wisconsin, that a retention of the property forwarded after thirty days shall constitute a trial and acceptance, be a conclusive admission of the truth of all representations made by or for the consignor and void all contracts of warranty, express or implied."

The effect of the provision, it is said, was exclusively to remit the purchaser to his contractual remedy of rescission by return of the machine if a trial of 30 days should produce unsatisfactory results and to preclude his suit for damages for breach of warranty. The jury found, and the Court of Civil Appeals held there is sufficient evidence to support the finding that the seller waived "the 30-day return provision." The action of the jury upon that point notwithstanding, it was held that—

"This waiver cannot affect the plain and unequivocal meaning of the contract that appellees are not entitled to recover damages for breach of warranty of the capacity of the machine."

We do not stop to consider whether that proposition, abstractly considered, is correct or not, for we think the matter is controlled by the principles applicable to a rescission with a claim for such special damage or expense "as may have been reasonably incurred by the party wronged on account of the contract." See Hunt County Oil Co. v. Scott, 28 Tex. Civ. App. 213, 67 S. W. 451, 452 (writ refused); Holland v. Western Bank & Trust Co., 56 Tex. Civ. App. 324, 118 S. W. 218, 119 S. W. 694; Wintz v. Morrison, 17 Tex. 372, 67 Am. Dec. 658; Black on Rescission and Cancellation, § 695. By the stipulation named the purchaser was given the right to rescind, provided he should exercise that right within 30 days from date of shipment; and by the so-called "waiver" of the "30-day" restriction, his right to rescind was extended for at least a reasonable period of time thereafter. That right the purchaser undertook to exercise, before and in the suit. There is in the stipulation no agreement, expressed or implied, that the purchaser should not have a right to assert his claim for damages measurable according to the rule announced in Hunt County Oil Co. v. Scott, supra. Recovery of such damages is an incident to the

remedy of rescission, and in the absence of agreement to the contrary a stipulation for the right to rescind includes one for recoupment of expenses and for other special damages reasonably incurred on account of the failed contract, rather, on account of the seller's wrong which caused the contract and reliance thereon.

Unless there be error as asserted in the fourth proposition under the twentieth assignment, or in the sixth proposition under the twenty-third assignment, or in the seventh proposition under the twenty-fourth assignment, or in the eighth proposition under the twelfth and twenty-sixth assignments by P. B. Yates Machine Company, that part of the trial court's judgment allowing recovery of damages and rescinding the contract ought to be affirmed; these propositions embrace contentions that the evidence is insufficient to warrant certain findings by the jury and an implied finding by the court. They were not considered by the Court of Civil Appeals because, we suppose, the matters presented were thought to be immaterial in view of the conclusions reached on other questions.

We recommend affirmance of that part of the judgment of the Court of Civil Appeals wherein that portion of the district court's judgment denying relief on the cross-action was affirmed; in respect to that part of the Court of Civil Appeals' judgment reversing the district court's judgment in so far as it allowed recovery of damages and recission in' favor of Groce et al., we recommend a reversal and a remand to the Court of Civil Appeals for its determination of the matters presented by P. B. Yates Machine Company as described in the last preceding paragraph hereof.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed in part, and in part reversed and remanded to the Court of Civil Appeals for further consideration, as recommended by the Commission of Appeals.