**CHEROKEE COMMUNICATIONS, INC., Appellant,**

**v.**

**SKINNY'S, INC., Appellee.**

No. 11–94–031–CV.

Court of Appeals of Texas, Eastland.

Dec. 29, 1994.

Rehearing Overruled Jan. 26, 1995.

John H. Minton, Potter Minton Roberts Davis & Jones, Tyler and Zollie C. Steakley, Steakley & Wetsel, Sweetwater, for appellant.

Aubrey Roberts, Abilene, for appellee.

Before McCLOUD, C.J., and W.G. ARNOT, J., and BROWN, J. (Retired).

McCLOUD, Chief Justice.

This is a summary judgment case concerning lease agreements which provided for the installation and operation of pay telephones at Skinny's Convenience Stores. Both parties filed motions for summary judgment. The trial court declared that the agreements were void and unenforceable and granted a summary judgment in favor of Skinny's, Inc. Cherokee Communications, Inc. appeals. We reverse and render in part, and we reverse and remand in part.

Between June 8, 1989, and June 26, 1990, Big Country Payphones, the predecessor of Cherokee, entered into five Pay Telephone Location Agreements with Skinny's, which provided that Skinny's would lease to Big Country particular locations for the installation and operation of pay telephones in return for lease payments. Forty-eight pay telephones were installed at various Skinny's locations as a result of these written agreements. Later, Big Country installed ten additional pay telephones at other Skinny's locations. A sixth lease agreement was prepared relating to the installation of the additional ten telephones; however, the agreement was never signed. Big Country serviced the telephones and paid monthly lease payments to Skinny's on the telephones installed pursuant to the written agreements as well as on those telephones installed without the signed agreement. After Big Country assigned its rights to Cherokee, Skinny's filed suit against Cherokee seeking a declaration that the signed agreements were void and unenforceable because Paragraph 3(g) of the agreement gave Cherokee the power to terminate the agreement. Paragraph 3(g) provided:

> [Cherokee] may, at its option, remove all pay telephones and all other property belonging to [Cherokee] from the location and terminate this Agreement at any time *and is hereby expressly granted the right to assign this Agreement.*

Cherokee filed a counterclaim arguing that both the written and oral agreements were valid.

In its motion for summary judgment, Skinny's argued that the written agreements lacked mutuality and, therefore, were void and unenforceable. Cherokee urged in its motion for summary judgment that the signed lease agreements were valid and enforceable and that an oral license was created as to the unsigned lease agreement. The trial court granted summary judgment in favor of Skinny's holding:

> [A]ll telephone location agreements pursuant to which Big Country ... installed at [Skinny's] convenience stores ... which were assigned to [Cherokee], and which are the subject matter of this litigation are declared to be void and unenforceable.

> \*    \*    \*    \*    \*    \*

> All relief requested and not expressly granted is denied.

Cherokee urges in its first point of error that the trial court erred in granting Skinny's motion for summary judgment and in not granting Cherokee's motion for summary judgment.

When both parties move for summary judgment and one motion is granted but the other is denied, we must determine all questions presented including the propriety of the order overruling the losing party's motion. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988). In such a case, this court has authority to affirm the judgment; reverse and remand; or reverse and render the judgment that the trial court should have rendered, including rendering judgment for the other movant. *Jones v. Strauss,* supra.

Skinny's argues that the lease agreements lacked mutuality because of Cherokee's power to terminate the agreements and

that the agreements failed to contain mutual obligations. Therefore, Skinny's contends that the agreements were void and unenforceable. We disagree.

■ There is some confusion over the meaning of "mutuality" or "mutuality of obligation" as used by the courts in describing contracts. See 1A CORBIN ON CONTRACTS § 152 (1963); I WILLISTON ON CONTRACTS § 140 (1920). Professor Williston stated that this is another way of saying that there must be valid consideration. WILLISTON ON CONTRACTS, supra; see also *Texas Gas Utilities Company v. Barrett,* 460 S.W.2d 409, 412 (Tex.1970). Consideration is defined as a present exchange bargained for in return for a promise. *Roark v. Stallworth Oil and Gas, Inc.,* 813 S.W.2d 492 (Tex.1991).

The agreements in this case clearly contained an exchange of obligations. Skinny's promised to lease certain locations to Cherokee for a term of five years for the purpose of installing and operating pay telephones. In return, Cherokee promised to pay 25 percent of the "gross coin for each pay telephone installed in the location and 25 percent of the long distance commissions received by [Cherokee]." Mutuality was not lacking merely because Cherokee had the power to terminate the agreement.

■ The Texas Supreme Court stated in *Hutchings v. Slemons,* 141 Tex. 448, 174 S.W.2d 487, 489 (1943):

Though a contract be void for lack of mutuality at the time it is made, and while it remains wholly executory, yet, when there has been even a part performance by the party seeking to enforce the same, and in such part performance such party has rendered services or incurred expense contemplated by the parties at the time such contract was made, which confers even a remote benefit on the other party thereto, such benefit will constitute an equitable consideration, and render the entire contract valid and enforceable.

*Big Four Ice & Cold Storage Co. v. Williams,* 9 S.W.2d 177, 178 (Tex.Civ.App.—Waco 1928, writ ref'd). The test for mutuality is to be applied as of the time when enforcement is sought, not as of the time when the promises are made. *Hutchings v. Slemons,* supra.

■ Even though the agreements may have lacked mutuality at the time the agreements were signed, Big Country performed under the agreements by installing telephones and making the lease payments.

Such performance conferred a benefit on Skinny's and constituted equitable consideration. A contract which provides for its termination at the option of one or either of the parties will be enforced if not contrary to equity and good conscience. *Varibus Corporation v. South Hampton Co.* 623 S.W.2d 157, 159 (Tex.App.—Beaumont 1981, writ ref'd n.r.e.); *Kree Institute of Electrolysis, Inc. v. Fageros,* 478 S.W.2d 569, 572 (Tex. Civ.App.—Waco 1972, no writ); *Maddox Motor Co. v. Ford Motor Co.* 23 S.W.2d 333 (Tex.Comm'n App.1930, holding approved). Cherokee's power to terminate the agreements did not make the agreements unenforceable. As to the written agreements, the trial court should have denied Skinny's motion for summary judgment and should have granted summary judgment in favor of Cherokee.

■ In the second point of error, Cherokee contends that the trial court erred in declaring the unsigned lease agreement void and unenforceable. Alternatively, Cherokee argues in the third point of error that the trial court erred in granting summary judgment as to the unsigned agreement because Skinny's motion for summary judgment did not address the issue of the unsigned agreement.

Cherokee provided a supporting affidavit in its motion for summary judgment that stated that an authorized representative of Skinny's told an agent for Big Country to "go ahead and install the phones." Cherokee argues that this statement created an oral license allowing Big Country to install the phones and that, under the doctrine of promissory estoppel, Skinny's may not deny the existence of the agreement.

■ The movant for summary judgment has the burden of showing that there is no

genuine issue of material fact and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546, 548–549 (Tex.1985). Evidence favorable to the non-movant will be taken as true, and every reasonable inference must be indulged in his favor. *Nixon v. Mr. Property Management Company, Inc.,* supra.

Promissory estoppel allows a cause of action to a promisee who has acted to his detriment in reasonable reliance on an otherwise unenforceable promise. *Wheeler v. White,* 398 S.W.2d 93, 96–97 (Tex.1965); *Henderson v. Texas Commerce Bank–Midland, N.A.,* 837 S.W.2d 778, 781–782 (Tex. App.—El Paso 1992, writ den'd). The elements of promissory estoppel are: (1) a promise; (2) foreseeability of reliance on the promise by the promisor; and (3) substantial reliance by the promisee to his detriment. *English v. Fischer,* 660 S.W.2d 521, 524 (Tex. 1983); *City of Beaumont v. Excavators & Constructors, Inc.,* 870 S.W.2d 123, 136 (Tex. App.—Beaumont 1993, writ den'd). Promissory estoppel allows the injured party to recover reliance damages and does not create a contract where one did not previously exist. *Wheeler v. White,* supra at 97; *Southwest Craft Center v. Heilner,* 670 S.W.2d 651 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.). We hold that a question of fact exists as to reliance. Furthermore, even if Cherokee had satisfied the requirements of promissory estoppel, promissory estoppel would not establish the existence of a lease agreement complete with all of the provisions provided in the other written lease agreements. Cherokee's second point of error is overruled.

Since Skinny's motion for summary judgment did not address the unsigned agreement, Skinny's was not entitled to a declaration that the agreement was void and unenforceable. See *Chessher v. Southwestern Bell Telephone Company,* 658 S.W.2d 563, 564 (Tex.1983); *Qualia v. Qualia,* 878 S.W.2d 339, 340–341 (Tex.App.—San Antonio 1994, writ den'd). As to the unsigned agreement, we hold that the trial court improperly granted summary judgment in favor of Skinny's. Cherokee's third point of error is sustained.

As to the written agreements, we reverse the judgment of the trial court and render judgment in favor of Cherokee. As to the unsigned agreement, we reverse and remand to the trial court.

DICKENSON, J., not participating.

RALEIGH BROWN, J. (Retired), sitting by assignment.