Frost Crushed Stone Company v. Odell Geer Construction
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-282-CV

     FROST CRUSHED STONE 
     COMPANY, INC.,
                                                                         Appellant
     v.

     ODELL GEER CONSTRUCTION 
     CO., INC.,
                                                                         Appellee
 

From the 82nd District Court
Falls County, Texas
Trial Court # 33,038
                                                                                                                
                                                                                                         
DISSENTING OPINION
                                                                                                                

      The majority has chosen to legislate from the bench and create a new cause of action not
previously recognized by the Texas Supreme Court or this court; in other words, the majority has
created a monster. The DNA allegedly used to create this monster originated in a reference from
the Texas Supreme Court and was given breath by a few of our sister courts of appeals.
      I would kill it. I would kill it now. This newly created monster has had a slow start; but if
allowed to live, it will grow until it kills many other causes of action. Causes of action like fraud
and negligent misrepresentation will be weaker and become unnecessary. The majority chooses
to let it live. The issue and the monster: promissory estoppel as a free standing cause of action.
      From the research I have conducted, it appears that only one Texas intermediate appellate
court has recognized this same issue and still created a new cause of action. The remaining courts
that have addressed the issue have done so with “loose language” and without thorough analysis. 
The majority of this Court fails to properly analyze the cases on which it relies.
      The confusion of whether promissory estoppel could be the sole basis of a cause of action
started with the Texas Supreme Court’s opinion in Wheeler v. White. Wheeler v. White, 398
S.W.2d 93 (Tex. 1965). I hardly suspect that the Supreme Court knew they were creating such
confusion at the time Wheeler was written. In Wheeler, the plaintiff (Wheeler) alleged that White
breached a contract to secure a loan or furnish money to finance the construction of improvements
on land owned by Wheeler. In the alternative, Wheeler alleged that if the contract was not
sufficiently definite, White was estopped from asserting the insufficiency of the contract. White
asserted special exceptions to the contract and estoppel allegations, and the trial court sustained
them. Wheeler refused to amend his pleadings, and the trial court dismissed his petition. The
court of appeals affirmed the trial court’s dismissal.
      The Supreme Court agreed that the contract was insufficient but noted that “where a promisee
acts to his detriment in reasonable reliance upon an otherwise unenforceable promise, courts in
other jurisdictions have recognized that the disappointed party may have a substantial and
compelling claim for relief.” Id. at 96. The Court stressed that promissory estoppel did not create
a contract where none existed but only prevented a party from insisting upon its strict legal rights
when it would be unjust to allow the party to enforce them. Id. That is, if for some rule or failure
of proof, a contract does not exist or is unenforceable, an equitable remedy may be available. The
function of this equitable remedy is defensive in that it estops a promisor from denying the
enforceability of a promise. Id. The Court accepted the proposition that where there is actually
no contract, the promissory estoppel theory may be invoked, thus supplying a remedy which will
enable the injured party to be compensated for his foreseeable, definite, and substantial reliance. 
Id. at 97.
      No other Texas Supreme Court opinion has taken any of the above language or facts to mean
that promissory estoppel is a cause of action independent from a contract or other claim. In fact,
no other intermediate Texas appellate court has construed Wheeler in that manner


; that is, until
today. The majority relies on a string of cases from our sister courts as support for its decision. 
These cases do not support an independent cause of action. 
      In Henderson, the El Paso court found a contract claim to be unenforceable. Henderson v.
Texas Commerce Bank-Midland, N.A., 837 S.W.2d 778, 781 (Tex. App.—El Paso 1992, writ
denied). On its way to finding that the appellant did not prove promissory estoppel either, it
unfortunately stated, “Promissory estoppel is an available cause of action....” Id. It attributed
this statement to Wheeler. Id. at 782. The Supreme Court in Wheeler did not say promissory
estoppel was an available cause of action. The Court said it was an equitable remedy. In any
event, the appellant in Henderson was not relying only on promissory estoppel and no other claim. 
Thus, this case does not help the majority. 
      In Cherokee Communications, the Eastland court, relying on Henderson, attributed the same
statement about promissory estoppel to Wheeler. Cherokee Communications, Inc. v. Skinny’s,
Inc., 893 S.W.2d 313, 317 (Tex. App.—Eastland 1994, writ denied). Again, that is not what
Wheeler said. Cherokee and Skinny’s each filed motions for summary judgment. The trial court
granted the motion by Skinny’s which claimed the written agreements between the parties lacked
mutuality. Cherokee was not relying solely on promissory estoppel as a cause of action.
      The next court to perpetuate this misconstruction of Wheeler was the Austin court. See Bailey
v. City of Austin, 972 S.W.2d 180 (Tex. App.—Austin 1998, pet denied). The Austin court relied
on the statement in Cherokee. Id. at 193. In Bailey, the court affirmed the summary judgment
on the appellant’s breach of contract claim because no valid contract existed. It reversed the
summary judgment on appellant’s promissory estoppel claim because the City did not conclusively
disprove any element of promissory estoppel. Thus, promissory estoppel was still derived from
the assertion of an unenforceable contract claim.
      Then in Boales, the 14th Court of Appeals did not rely on Bailey, Cherokee or Henderson. 
See Boales v. Brighton Builders, Inc., 29 S.W.3d 159 (Tex. App.—Houston [14th Dist.]2000, no
pet.). Instead, it relied on a case from Corpus Christi for the proposition that “Although
promissory estoppel is usually a defensive plea, it can be used by a plaintiff as an affirmative
ground of relief.” Id. at 166 (citing Donaldson v. Lake Vista Community Improvement Ass’n, 718
S.W.2d 815, 818 (Tex. App.—Corpus Christi 1986, writ ref’d n.r.e.)). This statement can be
traced back to the Fort Worth court which noted that prior to Wheeler, language about promissory
estoppel might have caused one to believe that it has a purely defensive use. Southwest Water
Services, Inc. v. Cope, 531 S.W.2d 873, 877 (Tex. App.—Fort Worth 1975, writ ref’d n.r.e.). 
However, because of Wheeler, the Fort Worth court decided that the law was now settled that
there may be appropriate uses by a plaintiff as a ground of entitlement of relief. Id. This concept
is what we termed a “counter-defensive” theory in Sonnichsen. Sonnichsen v. Baylor, 47 S.W.3d
122, 125 (Tex. App.—Waco 2001, no pet.). Nowhere in Boales, Southwest, or the cases in
between, did the plaintiff plead only promissory estoppel.
      The most recent case relied on by the majority is another opinion from Corpus Christi. See
Reyna v. First Nat. Bank in Edinburg, 55 S.W.3d 58 (Tex. App.—Corpus Christi 2001, no pet.). 
In Reyna, the court stated, “Reyna is asserting promissory estoppel. Promissory estoppel is a
cause of action available to a promisee who has acted to his detriment in reasonable reliance on
an otherwise unenforceable promise.” Id. at 70, n. 4. This statement was in a footnote that had
no impact on the decision by the court.
      In each of the cases cited above, the plaintiffs sued on causes of action other than promissory
estoppel. They then asked for the equitable relief of promissory estoppel if they failed to establish
their other causes. The odd-duck in all of this mess is a case cited by the majority from the San
Antonio court which stated that most bid construction cases do not involve a contract thus
promissory estoppel is a viable cause of action in those cases. Traco, Inc. v. Arrow Glass Co.,
Inc., 814 S.W.2d 186, 189 (Tex. App.—San Antonio 1991, writ denied). First, the majority
provides no analysis as to why this case deserves citation. The majority has not decided that there
is no contract. It doesn’t even state that it will follow San Antonio’s reasoning. So I must ask:
What’s the point of citing this case? Second, if the majority is going to follow Traco, then it needs
to conduct a review of the cases cited by Traco that “supports” the San Antonio court’s position. 
Traco relies on other jurisdictions to apply promissory estoppel to bid construction cases. Seeing
that the Traco court misstates the holdings from Wheeler and a case from Fort Worth, I would not
take for granted its interpretations of other jurisdictions’ case-law are correct.


 
      In this dissent, I would like to take the time to detail and further discuss these and other Texas
cases that have dealt with this issue. But, because a majority of this Court has already reached its
decision and because of the time pressures to clear cases off the dockets, I am limited to this
abbreviated analysis and discussion.
      In conclusion there is simply no need to create a new cause of action. Promissory estoppel
has a place as an equitable remedy when some other cause of action fails and equity demands
protection of one of the parties. But equity should only be the last resort when legal remedies fail
for some reason. I believe, based on the research conducted, that this case presents a very unique
opportunity to distinguish between the proper role of promissory estoppel as a limited remedy
rather than as a free standing cause of action. In this instance, Greer dismissed all its claims for
legal remedies and pursued only promissory estoppel. The relief the majority has delivered to
Greer is exactly the same Greer would have recovered if it had proven a breach of contract. But
Greer dismissed that claim. Why should it be allowed the same relief under an equitable remedy
that it chose not to seek as a legal remedy? For the reasons expressed herein, 

I respectfully dissent.
 
                                                                         TOM GRAY
                                                                         Justice

Dissenting opinion issued and filed December 11, 2002
Publish