Opinion filed April 5, 2007












 
 
  
 
 







 
 
  
 
 




Opinion filed April 5, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00396-CV 

                                                     __________

 

                            WES-TEX
TANK RENTAL, INC., Appellant

                                                             V.

 

                 PIONEER
NATURAL RESOURCES USA, INC., Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CV44378

 



 

                                              M
E M O R A N D U M   O P I N I O N

This is a breach of contract case brought by
Wes-Tex Tank Rental, Inc. against Pioneer Natural Resources USA, Inc.  The suit originally contained a fraud claim,
but Wes-Tex nonsuited it.  The trial
court ruled that there was no valid enforceable contract and granted Pioneer=s motion for summary judgment.  The trial court denied Wes-Tex=s motion for summary judgment in which
Wes-Tex claimed that there was a valid contract.  We reverse.

For several years prior to this dispute, Wes-Tex
leased  Afrac@ tanks to Pioneer.  These frac tanks were used by Pioneer as a
part of a Afrac job.@ A frac job opens underground fractures
and increases the flow of oil.








On July 5, 2000, Pioneer and Wes-Tex, as
contractor, entered into a AMaster
Service/Sales Agreement@
(MSSA).  This MSSA contained general
terms that would govern certain aspects of goods and services provided by
Wes-Tex to Pioneer.  As stated in the
MSSA:

WHEREAS, Company may, from time to time, in
separate and independent transactions, retain Contractor to provide goods
and/or services in connection with various Company projects;

 

WHEREAS, the parties hereto contemplate that the
goods and services to be provided may be requested either orally or by written
work order, delivery ticket or other written instrument by a representative of
Company (ARepresentative@);

 

WHEREAS, the parties hereto desire to enter into a
master contract setting forth the terms and conditions under which all goods
and services shall be provided by Contractor for Company, unless the parties
have agreed otherwise and have documented that agreement as hereinafter
required:

 

NOW THEREFORE, for and in consideration of the
mutual promises, hereinafter set forth, Company and Contractor agree as
follows:

 

1)         This
Agreement, of and in itself, does not obligate Company to request goods or
services from Contractor, nor does it obligate Contractor to provide goods or
services to Company.

 

2)         This
Agreement shall control and govern as to all goods and services provided by
Contractor for Company from and after its effective date. Neither verbal
agreements or representations, nor written work orders, delivery tickets or any
other written instruments used by Contractor or Company, shall become a part of
any contract between Company and Contractor for any purpose other than to
describe the goods and services to be performed by Contractor for Company and
to designate the time at which said goods and services are to be delivered or
performed.  All offers and acceptances by
and between Contractor and Company while this Agreement is in effect are
expressly limited to and conditioned upon the parties=
agreement to the terms of this Agreement. 
Should the parties desire to waive this provision, and agree that terms
and provisions different from, or in addition to, those set out in this
Agreement should be applicable to specified goods or services to be provided by
Contractor, such waiver and agreement shall only be enforceable if contained
in, or reflected by, a separate written instrument, signed by each of the
parties, expressly referencing this Agreement and acknowledging and confirming
the intention of the parties that same supersede and take priority over the
terms and provisions of this Agreement.

 








After various discussions between the parties,
under date of May 10, 2002, Wes-Tex sent a letter to Pioneer that contained the
following language:

Wes-Tex Tank Rental, Inc. will guarantee our
current rates on Frac Tank Rental on new completions and or work-overs of all
wells in the West Texas Sprayberry area for the next 36 months.

 

If this agreement is accepted, Wes-Tex Tank
Rental, Inc. will have first right of refusal on all frac tank work in the
Sprayberry area.

 

The letter contains two signatures indicating acceptance by
Pioneer on May 17, 2002.

Several months later, Pioneer began to complain to
Wes-Tex about the condition of the frac tanks being furnished.  Pioneer and Wes-Tex had various conversations
and communications regarding the condition of the frac tanks.  We note those conversations and
communications, but in view of our holding in this case we need not detail
them.  In any event, on November 25,
2002, Pioneer notified Wes-Tex that the relationship between them was
terminated.

Wes-Tex sued Pioneer alleging
that Pioneer had breached the MSSA as amended by the letter agreement.  After hearing motions for summary judgment
filed by both parties, the trial court 
entered an order that said, in part: 
A[T]he >letter agreement= is not a valid enforceable [contract]@; the court then entered judgment for
Pioneer. 

In its motion for summary
judgment, Pioneer claimed that the letter agreement did not constitute a valid
contract and was not enforceable because it was made contrary to Paragraph 2 of
the MSSA and Tex. Bus. & Com. Code
Ann. ' 2A.208
(Vernon 1994), because it did not provide for mutuality of obligation, and
because there was a prior breach of the MSSA that excused Pioneer from
performance.  Wes-Tex claimed in their
motion for partial summary judgment that the letter agreement was a valid
contract as a matter of law; it also made other assertions not necessary to
discuss now because we agree that the letter agreement was a valid contract.








The standard of review for
traditional summary judgments is well recognized.  We must consider the summary judgment
evidence in the light most favorable to the nonmovant, indulging all reasonable
inferences in favor of the nonmovant, and determine whether the movant proved
that there were no genuine issues of material fact and that it was entitled to
judgment as a matter of law.  Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548‑49 (Tex.1985).  A defendant is entitled to summary judgment
if it either disproves an element of each of the plaintiff=s causes of action or establishes an
affirmative defense on each of the plaintiff=s
causes of action as a matter of law.   Am. Tobacco Co. v. Grinnell, 951 S.W.2d
420, 425 (Tex. 1997).  When both parties
move for summary judgment on the same issues and the trial court grants one
motion and denies the other, we consider the summary judgment evidence
presented by both sides; we determine all questions presented; and, if we
determine the trial court erred, we render the judgment the trial court should
have rendered.  Valence Operating Co.
v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). 

Wes-Tex claims in its first three
issues on appeal that the letter agreement was a valid contract as a matter of
law and that it modified the MSSA.  It is
important to note that the trial court did not deal with any breach of contract
issues in its ruling.  The trial court=s ruling was very specific:  the contract was not Aa
valid enforceable@
contract.  The essence of that holding is
that the contract was not valid.  When a
trial court=s order
granting summary judgment does not specify the grounds relied upon, we must
affirm the summary judgment if any of the summary judgment grounds are
meritorious.  FM Props. Operating Co.
v. City of Austin, 22 S.W.3d 868, 873 (Tex. 2000).  However, when a trial court is explicit in
giving the reasons for its ruling, summary judgment can be affirmed only if the
theory relied upon by the trial court is meritorious even though there are
other grounds stated in the motion.  State
Farm Fire & Cas. Co. v. S.S. & G.W., 858 S.W.2d 374, 380  (Tex. 1993).

To be valid, a contract must be
based upon consideration.  Cherokee
Commc=ns, Inc.
v. Skinny=s, Inc.,
893 S.W.2d 313, 316 (Tex. App.CEastland
1994, writ denied).  Consideration is a
present exchange bargained for in return for a promise.  Id. 
The concept of consideration is sometimes referred to as mutuality
of obligation.  Id.  The letter agreement in this case
required Wes-Tex to maintain its current frac tank rates in the Sprayberry area
for a period of 36 months.  The
agreement  further required that Pioneer
give Wes-Tex the first right of refusal on all frac tank work in the Sprayberry
area.  Pioneer argues that there was no
consideration because Wes-Tex could refuse all work under the agreement and the
promise was, therefore, illusory.  A
promise is illusory when it fails to bind the promisor.  See Light v. Centel Cellular Co. of Tex.,
883 S.W.2d 642, 645 (Tex. 1994).  Wes-Tex
did not promise to do any work; it promised to maintain its current rates.  The promise relating to the first right of
refusal was Pioneer=s
promise.  The contract was not illusory.








Even if we were to hold that the
consideration involved an illusory promise by Wes-Tex, the summary judgment
evidence shows that both parties performed in accordance with the letter
agreement.  This performance would render
the contract valid.  Hutchings v.
Slemons, 174 S.W.2d 487, 489 (Tex. 1943); Cherokee, 893 S.W.2d at
316.  Mutuality of obligation is
determined at the time of enforcement, not at the time of the making of the
agreement.  Hutchings, 174 S.W.2d
at 489; Cherokee, 893 S.W.2d at 316. The agreement was supported
by consideration.

Pioneer argues further that the
agreement contravened the provisions of Paragraph 2 of the  MSSA. 
We have quoted that portion of the agreement earlier in this opinion.  It is the general rule that parties can
modify a contract even in the face of self-imposed limitations.  Rhoads Drilling Co. v. Allred, 70
S.W.2d 576, 583 (Tex. 1934).  It has long
been the law in Texas that parties who have the power to make a contract have
the power to Aunmake or
modify it regardless of self-imposed limitations.@
Id.; Groce v. P. B. Yates Mach. Co., 288 S.W. 161, 162 (Tex.
Comm. App. 1926, approved by Tex. S. Ct.); see Universal C.I.T. Credit Corp.
v. Stewart, 262 F.2d 745, 749 (5th Cir. 1959). 

In Groce, the contract
contained this provision:

[T]his contract shall not hereafter be changed or modified in
any respect unless a written memorandum, embodying such changes or
modifications, duly dated, signed by both parties hereto, and bearing  distinct date reference to this contract be
attached to and made a part of this agreement. 

 

Groce, 288 S.W. at 162.  The court held that the clause did not
prevent a modification that was not in accordance with it: 

[I]t is no more than a statement that able-minded persons, on
to-morrow [sic], will not have contractual capacity despite their investment
with it by nature and the law.  In all
material respects the contract involved was executory, and if there was a
novation or modification, the mutual promises, expressed or implied, furnished
whatever consideration was needed.  The
power mentioned, of course, includes ability to waive performance of provisions
embraced in the original contract.

 

Id. at 162.

Wes-Tex and Pioneer had the power
to enter into the MSSA, and they likewise had the power to enter into the
subsequent May 10 letter agreement.








Pioneer also complains that the
trial court was correct in its summary judgment because the letter agreement
did not comply with Section 2A.208.  Even
if we assume the applicability of that section, it requires only that the
modification be in writing and in this case it was.

We do not reach the other
arguments in this appeal because the only issue that we may 

consider is that specifically ruled upon by the
trial court.  S.S., 858 S.W.2d at
380.

The letter agreement constitutes
a valid contract, and summary judgment should have been granted accordingly for
Wes-Tex and denied to Pioneer.  The
first, second, and third issues presented by Wes-Tex are sustained.

We reverse and render judgment
that the letter agreement is a valid contract. 
We reverse and remand the remaining issues to the trial court.  

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

April 5, 2007

Panel consists of: 
Wright, C.J.,

McCall, J., and Strange, J.