

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-16-00395-CV


DOW ROOFING SYSTEMS, LLC                                    APPELLANT

V.

GREAT COMMISSION BAPTIST                                    APPELLEES
CHURCH AND CHAMBERLIN
DALLAS, LLC F/K/A CHAMBERLIN
DALLAS, LTD. D/B/A CHAMBERLIN
ROOFING AND WATERPROOFING
F/K/A CHAMBERLIN ROOFING &
WATERPROOFING, LTD.

----------

### FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 236-269529-13

----------

## MEMORANDUM OPINION[1]

----------

---

[1]*See* Tex. R. App. P. 47.4.

In two issues, Appellant Dow Roofing Systems, LLC appeals from the trial court's denial of its motion to compel arbitration against Appellee Great Commission Baptist Church (the Church) and Appellee Chamberlin Dallas, LLC f/k/a Chamberlin Dallas, Ltd. d/b/a Chamberlin Roofing And Waterproofing f/k/a Chamberlin Roofing & Waterproofing, Ltd. Although the Court is sympathetic to the arguments presented—particularly by the Church—that militate against arbitration, we are bound by precedent and must reverse under the circumstances presented.

## I.    Background

The parties' dispute arose from the construction of a building for the Church in Fort Worth. Construction began in early 2005 and was substantially completed by March 2006.

The architect's project manual for the construction required the roof to be covered with a thermoplastic polyolefin elastomeric membrane (TPO membrane). Chamberlin installed the building's roof using a TPO membrane manufactured and supplied by Dow Roofing's predecessor, Stevens Roofing Systems, Inc. Several years before, Chamberlin had executed an applicator agreement with Stevens Roofing (the Applicator Agreement), which authorized Chamberlin to install Stevens Roofing products. The Applicator Agreement contained an arbitration provision.

At the time of construction, Stevens Roofing was a division of JPS Elastomerics Corporation. JPS provided the Church with a limited warranty

2

against leaks in the installed roofing system (the Limited Warranty). The Limited Warranty had a ten-year term starting with the date of substantial completion and the Church's acceptance of the roofing system. It included an arbitration provision covering "[a]ny controversy or claim arising out of or relating to this document, or the breach thereof." In December 2006, the facilities manager for the Church signed the Limited Warranty. After JPS issued the Limited Warranty, Dow Roofing bought Stevens Roofing from JPS.

After the building's substantial completion, the roof consistently leaked during and after periods of rainfall, and over time the leaks became more frequent. Indeed, on at least five occasions, the Church requested repairs from Dow Roofing under the Limited Warranty. Dow Roofing responded to each request and each time assured the Church that the TPO membrane was in good condition. Eventually, after its insurer denied a claim for roof repair because of an alleged manufacturing deficiency in the TPO membrane, the Church was forced to sue Chamberlin, Dow Roofing, and the builder (not a party to this appeal).

In response to the Church's lawsuit, Chamberlin filed cross-claims against Dow Roofing for contribution, indemnity, and fraud. In support of its claims, Chamberlin alleged that Stevens Roofing inspected and warranted the roofing system, that Dow Roofing made warranty repairs to the roof, and that any leaks resulted from a defect in the roofing system. Also, Chamberlin pointed out that in the Applicator Agreement, Stevens Roofing had provided a warranty against

3

defects and had required Chamberlin to allow it to inspect and approve the installation of its roofing system.

Dow Roofing moved to compel arbitration of the Church's and Chamberlin's claims based on the arbitration provisions in the Limited Warranty and the Applicator Agreement, respectively. Neither the Church nor Chamberlin filed a response to the motions.

On March 16, 2015, the trial court granted the motions to compel arbitration. The parties took no action for a year. On March 16, 2016, the Church, having obtained new counsel, moved to set aside the trial court's arbitration order and to allow it to present arguments against arbitration. The trial court granted the motion and set aside its March 16, 2015 order compelling arbitration.

The Church then filed a response to Dow Roofing's motion to compel arbitration. In its response, the Church asserted that Dow Roofing had recently declared the warranty to be "null and void," and as a result, the warranty never came into existence—and, thus, neither did the arbitration provision. The Church further argued that: (1) the Limited Warranty was illusory; (2) the Church's claims arose before execution of the Limited Warranty, and the arbitration provision thus had no application; and (3) the arbitration provision was unconscionable.

Dow Roofing then filed a consolidated amended motion to compel arbitration of the Church's and Chamberlin's claims against it, addressing the

4

Church's contentions. Again, Chamberlin did not file a response to the renewed motion to compel arbitration.

The trial court denied Dow Roofing's motion to compel arbitration. Dow Roofing now appeals.

## II. Standard of Review

We review a trial court's denial of a motion to compel arbitration for an abuse of discretion, but we review whether there is a valid and enforceable arbitration agreement de novo. *Brand FX, LLC v. Rhine*, 458 S.W.3d 195, 203 (Tex. App.—Fort Worth 2015, no pet.). If the party seeking to compel arbitration proves that a valid arbitration agreement exists, "a strong presumption in favor of arbitration arises and the burden shifts to the party resisting arbitration to establish a defense to enforcing arbitration." *Id.* at 203–04.

We review the question of whether the party resisting arbitration has established a defense to arbitration de novo. *Id.* at 204. However, we give deference to the trial court's determination of any facts relevant to a defense, if those determinations are supported by the record. *Id.* "If an arbitration agreement is present, the claims are encompassed by the agreement, and the party opposing arbitration failed to prove any defense to enforcement, the trial court has no discretion but to compel arbitration," and in that case, the trial court's denial of a motion to compel arbitration is an abuse of discretion. *Id.*

## III. Analysis

Dow Roofing challenges the trial court's denial of its motion to compel arbitration as to both Chamberlin and the Church.

### A. The Trial Court Abused Its Discretion by Denying Arbitration of Chamberlin's Claims.

In its first issue, Dow Roofing argues that the arbitration provision in the Applicator Agreement is enforceable and that Chamberlin's claims fall within the arbitration provision's scope.

Chamberlin does not dispute that it executed an agreement containing an arbitration provision. Rather, Chamberlin first argues that Dow Roofing failed to prove that Chamberlin's claims fell within the scope of a valid arbitration agreement because although the arbitration provision calls for application of the American Arbitration Association (AAA) construction rules, it prohibits the arbitrator from following those rules. *See* American Arbitration Association, Construction Industry Arbitration Rules and Mediation Procedures, Rule 9(b) (effective July 1, 2015) (AAA construction rules), https://www.adr.org/sites/default/files/Construction%20Rules.pdf. Chamberlin points out that the AAA construction rules give the arbitrator the power to determine the validity of a contract of which an arbitration provision forms a part, and it contends that these rules conflict with the arbitration provision, which prohibits the arbitrator from modifying the Applicator Agreement. *See id.*

6

Chamberlin further argues that because the arbitration provision provides that the arbitrator has no power to modify the Applicator Agreement or render an award that effects or creates a modification, the arbitration provision is unconscionable. Chamberlin contends that the arbitration provision is unconscionable because even if the arbitrator determines that terms of the Applicator Agreement are unenforceable, the arbitrator may not modify the agreement to omit those terms, and the arbitration provision prevents the arbitrator from interpreting the agreement in any way contrary to Dow Roofing's interests.

As for Chamberlin's argument relating to the scope of the arbitration provision, we may not consider it. The arbitration provision requires arbitration "in accordance with" the AAA construction rules. This language makes the AAA construction rules part of the arbitration provision. *See Schlumberger Tech. Corp. v. Baker Hughes Inc.*, 355 S.W.3d 791, 803 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (holding that such language incorporates the cited AAA rules into the arbitration agreement); AAA construction rules, Rule 1(a) (providing that the parties shall be deemed to have made the AAA construction rules part of their arbitration agreement if they have provided for arbitration under the rules). The AAA construction rules give the arbitrator the authority to decide questions about the scope of the arbitration provision. AAA construction rules, Rule 9(a). Accordingly, Chamberlin must raise any challenges to the scope of the agreement in arbitration. *See Douglas v. Regions Bank*, 757 F.3d 460, 462 (5th

7

Cir. 2014) ("Parties may agree to arbitrate whether a particular claim is subject to arbitration," and "[d]elegation provisions thus normally require an arbitrator to decide in the first instance whether a dispute falls within the scope of the arbitration provision").

As for Chamberlin's unconscionability argument, it is well-settled that "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69, 130 S. Ct. 2772, 2777 (2010). In fact, under the AAA construction rules, the arbitrator has the power to rule on the validity of the arbitration provision. *See* AAA construction rules, Rule 9(a). When an arbitration provision incorporates such a rule and also provides for arbitration of all claims between the parties, the arbitration provision evidences a clear and unmistakable delegation of arbitrability. *Burlington Res. Oil & Gas Co. LP v. San Juan Basin Royalty Tr.*, 249 S.W.3d 34, 41 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). The language of the arbitration provision in the Applicator Agreement evidences such a delegation. Accordingly, it is the arbitrator that must decide Chamberlin's unconscionability defense.

In summary, because the parties agreed to the arbitration provision, the arbitrator must decide the scope of that provision, and the arbitrator must address Chamberlin's unconscionability defense. Accordingly, the trial court abused its discretion by denying the motion to compel arbitration of Chamberlin's

8

claims.  We sustain Dow Roofing's first issue.  Accordingly, we do not address Dow Roofing's remaining arguments under this issue.  *See* Tex. R. App. P. 47.1.

**B.    The Trial Court Abused its Discretion by Denying Arbitration of the Church's Claims.**

Dow Roofing argues in its second issue that the trial court erred by declining to compel arbitration of the Church's claims against Dow Roofing, given that the mandatory arbitration provision in the Limited Warranty:  (1) is a valid and enforceable agreement to arbitrate subject to the Federal Arbitration Act (FAA);[2] (2) applies to the Church's claims against Dow Roofing; and (3) is subject to no valid defenses or, at least no defenses that should be addressed anywhere but arbitration.

A party resisting arbitration may raise three types of challenges to an arbitration provision in a contract.  *In re Morgan Stanley & Co., Inc.*, 293 S.W.3d 182, 185–87 (Tex. 2009).  First, a party may challenge the validity or enforceability of a contract containing the arbitration provision.  *Id.*  An arbitrator must decide the question of whether a contract that meets the requirements for contract formation is nevertheless unenforceable.  *Id.* at 185.  Second, a party may challenge the arbitration provision itself.  *Id.* at 187.  A court, not the

_____

[2]The Church does not dispute that the FAA applies.  *See Rapid Settlements, Ltd. v. Green*, 294 S.W.3d 701, 705 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citation and internal quotation marks omitted) (explaining that the FAA applies when the dispute concerns a "contract evidencing a transaction involving commerce," which includes a contract "relating to" interstate commerce).

9

arbitrator, hears such challenges unless the parties have expressly delegated that issue to the arbitrator. *Id.* Third, a party may raise the question of whether any contract was ever concluded. *Id.* A court decides challenges to the requirements for contract formation. *Id.* Here, the Church raised all three challenges in resisting arbitration.

The arbitration provision in the Limited Warranty expresses the parties' intent to arbitrate claims covered by the agreement, and the Church's building manager acknowledged execution of this agreement. The Church argued, however, that despite the parties' execution of the Limited Warranty, and despite Dow Roofing's performance under the Limited Warranty, no contract between the parties ever existed or, alternatively, that any such contract is unenforceable.

### 1. The Arbitrator Must Decide the Effect of the "Null and Void" Provision.

The Church first posits that because Dow Roofing nullified the Limited Warranty, no contract containing an arbitration agreement exists. The Church contends that "a contract declared 'null and void' legally 'never came into existence.'" The Church argues that, consequently, because Dow Roofing has declared the Limited Warranty "null and void," the Limited Warranty never existed, and thus neither did the arbitration provision contained in it. We note that while the timing and circumstances surrounding Dow Roofing's actions with regard to the Limited Warranty are certainly troubling, it is not for the trial court,

10

but for the arbitrator to decide what effect, if any, Dow Roofing's declaring the Limited Warranty null and void has on the Limited Warranty's validity.

Under the Limited Warranty's specific terms, Dow Roofing could declare the Limited Warranty "null and void" if, in its discretion, it determined that one of three specific events had occurred: (1) the Church had alterations or repairs made on the roof without Dow Roofing's authorization; (2) the Church failed to use reasonable care in maintaining the roof; or (3) the Church failed to comply with the Limited Warranty's terms. But an argument relying on this termination provision is not a challenge to the contract's formation because the termination provision, on its face, is not a condition precedent to formation. *See Sharifi v. Steen Auto., LLC*, 370 S.W.3d 126, 143–44 (Tex. App.—Dallas 2012, no pet.) ("If there is a condition precedent to the formation of a contract, then no binding contract will arise until the specified condition has occurred or been performed."); *Bans Props., L.L.C. v. Hous. Auth. of City of Odessa*, 327 S.W.3d 310, 313 (Tex. App.—Eastland 2010, no pet.) ("[C]onditions precedent are events that must be performed before a right accrues to enforce a contract."). This provision allows Dow Roofing to cancel the Limited Warranty in certain limited circumstances after the agreement was entered, but it does not prevent the formation of the agreement in the first place. In fact, that Dow Roofing could cancel the Limited Warranty presupposes that a valid contract existed that could be cancelled.

The Church cites two cases that used "null and void" language to describe disputed contracts, and the Church relies on them to support its point that the

11

Limited Warranty—and thus its arbitration provision—never came into existence. Unfortunately, these cases are of no assistance to the Church. In both cases, the contract at issue contained conditions precedent to the formation of the contract. *See, e.g.*, *Bannum, Inc. v. Mees*, No. 07-12-00458-CV, 2014 WL 2918436, at *1 (Tex. App.—Amarillo June 24, 2014, no pet.) (mem. op.) (reviewing contract with a provision rendering the contract "null and void" if the appellant was not awarded a particular government contract or if it could not begin performance); *Elijah Ragira/VIP Lodging Grp., Inc. v. VIP Lodging Grp., Inc.*, 301 S.W.3d 747, 754 (Tex. App.—El Paso 2009, pet. denied) (reviewing enforceability of a contract with unsatisfied conditions precedent). Here, unlike in *Bannum* and *Elijah Ragira*, the "null and void" provision of the Limited Warranty named no events that had to occur before the contract became binding and could be enforced. *See Cal-Tex Lumber Co. v. Owens Handle Co.*, 989 S.W.2d 802, 809 (Tex. App.—Tyler 1999, no pet.) ("Courts will not construe a contract provision as a condition precedent unless they are compelled to do so by language that may be construed in no other way."). In point of fact, until the filing of this lawsuit, both parties acted in conformance with the existence of the Limited Warranty—the Church by requesting repairs under the Limited Warranty and Dow Roofing by responding to the repair requests.

The Church also cites *Shri Lakshmi Cotsyn Ltd. v. HN Intern. Grp. Inc.*, No. 2:12-CV-01614, 2013 WL 1222718, at *3 (D.N.J. Mar. 25, 2013) (unpublished), in support of its argument. The Church is correct that the federal district court

12

explained in that case that a "voidable contract is one in which a party has the power . . . to disaffirm the agreement," while "a declaration that a contract is void nullifies all aspects of the agreement . . . giving *neither* party the power to ratify or disaffirm its provisions." *Id.* (emphasis added). However, the New Jersey federal court's holding is inapplicable to the Church's defense. That case involved a challenge to the formation of the contract on the basis that the plaintiff had never signed the contract. *Id.* at *4. In other words, the allegation there challenged the basic requirements for contract formation, rendering the facts and circumstances of *Shri Lakshmi* wholly distinguishable from this case. *See Harding Co. v. Sendero Res., Inc.*, 365 S.W.3d 732, 740 (Tex. App.—Texarkana 2012, pet. denied) (noting general rule that a person is not a party to a contract the person did not sign).

Because the Church's defense challenges the continuing validity of the Limited Warranty but does not challenge the requirements for formation of a contract, it is the arbitrator that must decide the consequences of Dow Roofing's decision to declare the Limited Warranty "null and void." *See Morgan Stanley*, 293 S.W.3d at 185.

### 2. The Limited Warranty is Not Illusory.

The Church's second defense to arbitration is that the Limited Warranty is illusory. The Church argues that because the Limited Warranty gave Dow Roofing the ability to unilaterally nullify that agreement in its entirety, the Limited

Warranty is illusory and, by extension, so is the arbitration provision.[3]  *See J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 230 n.2 (Tex. 2003) (noting that courts generally hold that "if a party retains the unilateral, unrestricted right to terminate the . . . agreement, it is illusory").  The Church's argument challenges the formation of the Limited Warranty. *See In re 24R, Inc.*, 324 S.W.3d 564, 567 (Tex. 2010) (stating that when illusory promises are all that support a purported bilateral contract, there is no contract).  Consequently, as explained herein, we address the Church's argument.[4]  *See Morgan Stanley*, 293 S.W.3d at 188.

We determine that the Limited Warranty is not illusory simply because Dow Roofing could terminate it.  Dow Roofing did not have an unrestricted right to cancel the Limited Warranty to avoid performance.  To the contrary, the Limited Warranty specified limited grounds upon which Dow Roofing could, in its discretion, cancel it.  Further, the parties do not dispute that Dow Roofing made repairs to the roof when requested under the Limited Warranty.  *See Cherokee Commc'ns, Inc. v. Skinny's, Inc.*, 893 S.W.2d 313, 316 (Tex. App.—Eastland

---

[3]The Church assumes in its brief that the Limited Warranty is a bilateral contract.  For purposes of addressing its argument, we assume the same.

[4]The San Antonio Court of Appeals considers illusoriness to be a contract-validity defense rather than a contract-formation defense.  *See Amateur Athletic Union of the U.S., Inc. v. Bray*, 499 S.W.3d 96, 103 (Tex. App.—San Antonio 2016, no pet.).  In light of the Church's position that mutual promises are the only consideration supporting the Limited Warranty, we consider its argument to be a contract-formation defense.  *See 24R*, 324 S.W.3d at 567

14

1994, writ denied) ("A contract which provides for its termination at the option of one or either of the parties will be enforced if not contrary to equity and good conscience" and citing established rule that a party's performance may constitute consideration even if the contract was void when made for lack of mutuality). We therefore reject the Church's argument that the cancellation provision in the Limited Warranty rendered it illusory.[5]

### 3. The Arbitrator Decides Whether the Arbitration Provision Is Unconscionable.

The Church next asserts as it did in the trial court that the arbitration provision is both procedurally and substantively unconscionable. This defense is a challenge to the arbitration provision itself, which is ordinarily a question for the court rather than the arbitrator. *See Morgan Stanley*, 293 S.W.3d at 185. But Dow Roofing maintains that in this case, the arbitration provision delegates this issue to the arbitrator. We agree.

As with the Applicator Agreement, the arbitration provision in the Limited Warranty requires arbitration in accordance with the AAA construction rules. This language makes the AAA construction rules part of the arbitration provision. *See Schlumberger Tech.*, 355 S.W.3d at 803; AAA construction rules, Rule 1(a). Under both the AAA construction rules currently in effect and those in effect at the time the parties executed the Limited Warranty, the arbitrator has "the power

---

[5]The Church did not raise a separate argument specifically challenging the illusoriness of the arbitration provision itself, so we do not address whether the parties delegated that issue to the arbitrator or whether they could have done so.

to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement" (the delegation rule). AAA construction rules, Rule 9(a); American Arbitration Association, Construction Industry Arbitration Rules and Mediation Procedures, Rule 9(a) (effective October 1, 2009–July 1, 2015), https://www.adr.org/ArchiveRules. And like the Applicator Agreement, the Limited Warranty's arbitration provision calls for arbitration of any controversy or claim arising out of or relating to the Limited Warranty. It does not carve out any category of claims, and it does not include only specific categories of claims that the arbitrator must decide. That language, combined with the language incorporated from the AAA construction rules assigning arbitrability questions to the arbitrator, is a clear and unmistakable delegation of arbitrability to the arbitrator. *See Burlington*, 249 S.W.3d at 41.

The Church relies on *Haddock v. Quinn* to argue that because the arbitration provision does not specify what version of the AAA construction rules apply, Dow Roofing has not proven that the parties agreed to submit questions of arbitrability to an arbitrator. *See* 287 S.W.3d 158, 175 (Tex. App.—Fort Worth 2009, pet. denied). That case is distinguishable because there, the version of the AAA rules in effect at the time the parties executed the arbitration agreement differed from the version in effect at the time of the dispute, and the earlier version did not contain the delegation rule. *Id.* The arbitration agreement at issue in *Haddock* had been modified several times over the years with no change to its language to specify which version of the AAA construction rules applied. *Id.*

This court concluded that we could not tell which version the parties intended to apply, and we consequently held that "we cannot assume from silence in the agreement as to the issue of arbitrability or as to which version of the AAA rules is to apply, that the parties intended to incorporate [the delegation rule], which did not exist when the arbitration agreement was added." *Id.*

Here, unlike in *Haddock*, at the time the parties executed the Limited Warranty, the AAA construction rules contained the delegation rule, and the parties never amended the Limited Warranty after its execution. Further, the current AAA construction rules retain the delegation rule. The parties clearly and unmistakably intended to incorporate the delegation rule.

Because the parties delegated arbitrability to the arbitrator, we do not decide the Church's unconscionability argument.

### 4. The Arbitrator Decides the Scope of the Arbitration Provision.

As a final defense, the Church argues that the Limited Warranty does not apply to claims arising before the Limited Warranty's execution, such as its claims for fraud and breach of the implied warranty of merchantability. The Church bases its argument on the arbitration provision's language requiring arbitration of "[a]ny controversy or claim arising out of or relating to *this document*, or breach thereof." [Emphasis added.] Again, our review is limited because the arbitration provision delegates to the arbitrator the determination of the arbitration provision's scope. *See Douglas*, 757 F.3d at 462 (noting that delegation provisions can require an arbitrator to decide the scope of the

17

arbitration provision); AAA construction rules, Rule 9(a). Accordingly, the arbitrator must decide whether any of the Church's claims do not fall within the scope of the arbitration provision.

Because Dow Roofing established the existence of a valid arbitration provision, the Church failed to establish a defense to arbitration, and the arbitrator must decide the scope of the arbitration provision and whether the arbitration provision is unconscionable, we are compelled to hold, despite our strong concerns about Dow Roofing's action in canceling the Limited Warranty, that the trial court abused its discretion by denying Dow Roofing's motion to compel arbitration. Accordingly, we sustain Dow Roofing's second issue.

## IV. Conclusion

Having sustained Dow Roofing's two issues, we reverse the trial court's order denying arbitration, and we remand this case to the trial court with instructions to grant the motion to compel arbitration.

/s/ Mark T. Pittman
MARK T. PITTMAN
JUSTICE

PANEL: MEIER, SUDDERTH, and PITTMAN, JJ.

DELIVERED: August 3, 2017

18