Opinion issued November 10, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00240-CV

———————————

TransAmerica Life Insurance Company and TransAmerica Annuity Service
Corporation,
Appellants

V.

Rapid
Settlements, Ltd.,
Appellee



 



 

On Appeal from the County Civil Court at Law No. 3 

Harris County, Texas



Trial Court Case No. 892591

 



MEMORANDUM OPINION

          Appellants,
Transamerica Life Insurance Company and Transamerica Annuity Service
Corporation (collectively, “Transamerica”), challenge the trial court’s denial
of their post-judgment motion for offset. 


          We dismiss for lack of jurisdiction.

                                                                                                                                                                
Background

In 2007, Rapid Settlements, Ltd. (“Rapid”)[1]
filed a petition to confirm an arbitration award settling its dispute with
Jerry Green, a Florida resident who had transferred to Rapid some annuity
payments owed by Transamerica.  See Rapid Settlements, Ltd. v. Green,
294 S.W.3d 701, 703–04 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (“the Green case”).  Transamerica intervened, filed a motion for
summary judgment asking the trial court to vacate the award, and sought
attorney’s fees.  See id. at 704.  On April 10,
2008, the trial court entered judgment in the Green case in favor of Transamerica and awarded it $30,000 in
attorney’s fees, plus an additional $10,000 in attorney’s fees, conditioned on
a successful appeal.  This Court
subsequently affirmed the judgment of the trial court.  See id.
at 704, 708.  

In January 2007, in a separate proceeding (“the Taplette case”), a California Superior
Court approved the transfer of a $75,000 annuity payment owed to Kelly
Taplette, payable by Transamerica, to Rapid (“the Taplette annuity”).  The Taplette annuity payment from
Transamerica to Rapid was due December 10, 2010. 

In January 2011, after the Taplette annuity payment was
due, Transamerica moved the trial court in the Green case “to determine the amount of judgment and permit
offset.”  In relevant part, Transamerica
requested that the trial court allow it to “offset, withhold and retain the
amount of the judgment now owed in this case from the $75,000 lump sum payment
due under the California order” to Rapid. 
It argued, in support of its motion, that the amount due to it by Rapid
under the judgment in the Green case
amounted, with interest, to $44,944, and it asked the court to offset that
amount against the amount it owed to Rapid for the Taplette annuity payment.

Rapid responded to this motion, arguing that it no longer
owned the Taplette annuity and had not owned it since 2008.  It also argued that there was no mutuality in
the judgments that would permit offset, that the Taplette case involved exempt property that could not be seized to
satisfy a judgment, and that laches barred Transamerica’s effort to enforce the
April 2008 judgment.  In support of its
contention that it no longer owned the Taplette annuity, Rapid attached the
affidavits of Harold H. Levine, the former controller of Rapid; Stewart A.
Feldman, the corporate representative and legal counsel for FinServ Casualty
Corporation—the creditor to whom Rapid claimed that it had transferred the
Taplette annuity; and John Craddock, the legal counsel for Rapid; and it
attached a UCC Financing Statement.  The
trial court denied Transamerica’s motion for offset.  Transamerica filed this appeal and a related
mandamus.[2]

                                                                                                                                                                         
Analysis

Generally, appeals may only be taken from final
judgments.  See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  Furthermore, orders made for the purpose of
enforcing or carrying into effect an already-entered judgment generally are not
final judgments or decrees and cannot be appealed as such.  See,
e.g., Wagner v. Warnasch, 295
S.W.2d 890, 893 (Tex. 1956); Bahar v.
Lyon Fin. Servs., Inc., 330 S.W.3d 379, 385 (Tex. App.—Austin 2010, pet.
denied) (citing Schultz v. Fifth Judicial
Dist. Court of Appeals, 810 S.W.2d 738, 740 (Tex. 1991), abrogated on other ground by In re Sheshtawy,
154 S.W.3d 114, 124–25 (Tex. 2004)); Kennedy
v. Hudnall, 249 S.W.3d 520, 523 (Tex. App.—Texarkana 2008, no pet.).  For anything other than what could properly be
characterized as a final judgment, mandamus is the proper form to obtain review
of a trial court’s post-judgment orders. 
In re Amaya, 34 S.W.3d 354,
356 (Tex. App.—Waco 2001, no pet.); see
also Collier Servs. Corp. v. Salinas, 812 S.W.2d 372, 374 (Tex. App.—Corpus
Christi 1991, orig. proceeding) (analyzing appealability of post-judgment
discovery orders).

However, some post-judgment orders are appealable.  See
Shultz, 810 S.W.2d at 740 (holding that turnover order that resolved
property rights and acted “in the nature of a mandatory injunction” was
appealable); see also Bahar, 330
S.W.3d at 385 (noting that appellate courts have jurisdiction over trial court
orders “that resolve[] a discrete issue in connection with any receivership”
and over post-judgment appointment of receiver when appointment was made
pursuant to turnover statute); Amaya,
34 S.W.3d at 356 (holding that post-judgment discovery order was properly
reviewable by mandamus).  Thus, we look
to the substance of the order to determine whether it is appealable.  Kennedy,
249 S.W.3d at 523 (citing Wagner, 295
S.W.2d at 892 (looking to nature of post-judgment relief granted in order over
relief actually requested in motion)); cf.
Swanson v. Cmty. State Bank, 12 S.W.3d 163, 165 (Tex. App.—Houston [1st
Dist.] 2000, no pet.) (holding that trial court cannot circumvent interlocutory
appeal merely by label it attached to order and that substance of order
determines whether it is appealable).  If
we conclude that we do not have jurisdiction, we can only dismiss the
appeal.  Kilroy v. Kilroy, 137 S.W.3d 780, 783 (Tex. App.—Houston [1st
Dist.] 2004, no pet.).

Here, the trial court’s order denied Transamerica’s motion
to allow offset of payment of an annuity owed in the Taplette case by funds owed to it under the judgment in this case,
the Green case.  Thus, the order does not act in the nature of
a mandatory injunction, but is rather an order made under the trial court’s
authority to enforce an already-entered judgment.  See
Wagner, 295 S.W.2d at 893; Kennedy,
249 S.W.3d at 523; see also State Office
of Risk Mgmt. v. Berdan, 335 S.W.3d 421, 428 (Tex. App.—Corpus Christi
2011, pet. filed) (holding that trial court’s order to enforce award of
attorney’s fees did not “act in the nature of a mandatory injunction” and thus,
was not appealable).  Accordingly, the order is not appealable,
and we lack jurisdiction to consider this appeal.

                                                                                                                                                                   
Conclusion

We dismiss the appeal for lack of jurisdiction.

 

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and
Massengale.











[1]           Rapid subsequently changed its name to
Liquidated Marketing, Ltd.





[2]           The petition for writ of mandamus, In re Transamerica Occidental Life Insurance
Co. and Transamerica Annuity Service Corp., cause number 01-11-00306-CV,
filed April 22, 2011, is addressed in a separate opinion.