Opinion
filed June 14, 2012

 

                                                                                               In The              

   Eleventh Court of Appeals

                 __________

                                             No.
11-10-00281-CV

                                                    __________

 

                                   RSL
FUNDING, LLC, Appellant

                                                             V.

AEGON STRUCTURED SETTLEMENTS, INC. AND
MONUMENTAL

                     LIFE INSURANCE COMPANY,
Appellees



                                           On
Appeal from the 385th District Court

                                                          Midland
County, Texas

                                                   Trial
Court Cause No. CV47208



O
P I N I O N

            Among other things, the trial court
awarded attorney’s fees to Aegon Structured Settlements, Inc. and Monumental
Life Insurance Company against RSL Funding, LLC in this lawsuit brought by RSL under
the Structured Settlement Protection Act.[1] 
We affirm. 

            Michael Todd Reese settled a lawsuit
that he had filed to recover for personal injuries.  As a part of that settlement
agreement, he was to receive a series of payments over a period of time.  These
payments were funded through an annuity purchased by Aegon’s predecessors from
Monumental’s predecessors. 

            Reese wanted to receive a portion of the
payments early.  He entered into an agreement with RSL whereby RSL would
purchase portions of two future lump sum payments and pay a certain amount to
Reese in exchange for his assignment to RSL of the interests purchased.

            In accordance with the Texas Structured
Settlement Protection Act, RSL filed an application in the trial court for
approval of the transfer.  In its application for approval, RSL listed the
estate of Michael Todd Reese as the beneficiary.

            Before the hearing on RSL’s application,
Aegon and Monumental notified RSL that the beneficiary listed in the
application was incorrect and that the actual beneficiary of the annuity was
Reese’s daughter, Madison Reese.  RSL filed an amended application and
rescheduled the hearing.  Although it continued to plead that Reese’s estate
was the beneficiary of the annuity, RSL gave notice of the new hearing to Lacy
Chesser as next friend of Madison Reese.  Chesser and Reese were divorced.  In
a later suit to modify the parent-child relationship, the trial court appointed
Chesser as the joint managing conservator with the right to establish Madison’s
primary residence.  The order listed Chesser’s address as 1625 Sunset,
Apartment 3004, San Angelo.  This address had not been changed by Chesser
as required in the court order.  RSL sent the notice to Chesser at P.O. Box
62142 in San Angelo.  Aegon and Monumental informed RSL of the perceived defect
in the notice provided to Chesser.  The trial court continued the hearing so
that RSL might provide proper notice to Chesser at several addresses.

            Before the trial court conducted the
second rescheduled hearing on RSL’s application, Aegon and Monumental filed a
motion for attorney’s fees and expenses.  Aegon and Monumental had also
complained that RSL had sought, in a manner not in accordance with statutory
procedures, a transfer of a right of first refusal as well as a security
interest in the remainder of Reese’s structured settlement.  Later, RSL agreed
not to seek those rights.  After the trial court conducted the hearing, it
entered two orders.  In one order, the trial court approved the transfer to
RSL.  In the other order, the trial court awarded attorney’s fees and expenses
to Aegon and Monumental in the amount of $6,825 and $1,164.92, respectively.  The
trial court later corrected its order to cite the correct statute under which
it awarded attorney’s fees and expenses.

The only issue before this court in
this appeal involves the award of attorney’s fees and expenses.  In a single
issue, RSL maintains that the trial court abused its discretion when it awarded
attorney’s fees and expenses because it awarded them under an inapplicable
statute, because it should not award attorney’s fees connected to objections to
RSL’s claim to a right of first refusal and to a security interest, and because
it should not award them connected to objections to improper notice.

The trial court did not state in
its order the reasons for its award of attorney’s fees and expenses except to refer
to the statute under which they were awarded.  The trial court did not enter
findings of fact or conclusions of law, and none were requested.  Therefore,
the trial court’s award will be upheld on any theory that finds support in the
evidence.  See Rush v. Barrios, 56 S.W.3d 88, 96 (Tex. App.—Houston [14th
Dist.] 2001, pet. denied) (if trial court files no findings of fact or
conclusions of law, all findings necessary to the court’s judgment, if
supported by the record, will be implied).  Further, RSL did not object to any
failure to segregate what fees were charged for what services, and that issue
is not before us.

The Structured Settlement
Protection Act is found in the Texas Civil Practice and Remedies Code.  Tex. Civ. Prac. & Rem. Code Ann. §§
141.001–.007 (West 2011).  The legislature enacted it to protect litigants who
have received structured settlements in personal injury cases  from transferring
their rights to future periodic payments from those settlements for a lump sum
that is inadequate.  Rapid Settlements, Ltd. v. Symetra Life Ins. Co.,
234 S.W.3d 788, 798 (Tex. App.—Tyler 2007, no pet.).  Under the provisions of the
SSPA, a party who acquires or proposes to acquire structured settlement payment
rights from the payee must give notice to the payee that contains detailed
information, among other things, regarding the amounts of the payments to be
transferred from the payee, the discounted present value of those payments, the
gross amount to be paid to the payee, the expenses to be deducted from the
gross amount, and the net amount the payee is to receive.  Section 141.003.  

Before a transfer is effective, it
must be approved in advance in a final court order.  Section 141.004.  The
transferee must serve notice of the hearing upon all interested parties.  Section
141.006.  Notice of the hearing on the application for approval of a transfer
of structured settlement payment rights must contain certain items, and the
transferee must serve the notice at least twenty days before the date of the
hearing.            

            In the trial court, Aegon argued that it
was entitled to attorney’s fees under the SSPA for two reasons: (1) it incurred
extra time and expense in responding to RSL’s application for transfer because RSL
failed to include information on the security interest and right of first
refusal of future transfers in its required disclosure to the payee as required
under the statute, see 
Section 141.003, and (2) RSL’s failure to properly notify the beneficiary
necessitated additional  hearings and brought about further time and expense connected
to the application to approve the transfer.

            The standard of review of a trial
court’s award of attorney’s fees is abuse of discretion.  Travelers Indem.
Co. of Conn. v. Mayfield, 923 S.W.2d 590, 592 (Tex. 1996).  Attorney’s fees
may not be recovered from an opposing party unless provided for by statute or
contract between the parties.  Id. at 593.  

Under the SSPA, trial courts have
the authority to award reasonable costs and attorney’s fees against the
transferee in favor of a structured settlement obligor and the annuity issuer
that arise “as a consequence of the transferee’s failure to comply with this
chapter.”  Section 141.005(2)(B).  

            RSL advances a number of arguments in
support of its contention that the trial court abused its discretion when it
awarded attorney’s fees.  As we have said earlier, because findings of fact and
conclusions of law were neither filed nor requested and because the trial court
did not state the reasons for its award, we will uphold the award upon any proper
theory finding support in the evidence.  We will first consider an award of
reasonable costs and attorney’s fees under the notice issue.     

            RSL contends that the trial court abused
its discretion because RSL gave proper notice to the beneficiary.  RSL argues
that the SSPA does not require proof of identity, receipt, or correct address
for the beneficiary and that, thus, any kind or form of notice is presumably sufficient. 
This argument, however, ignores one of the definitions of notice—a warning or
intimation of something impending.  Merriam-Webster’s
Collegiate Dictionary 848 (11th ed. 2004).   Inherent in this definition
is that someone is to be warned.  There must be some calculation in the giving
of any notice that the person to be given the notice has a realistic chance to
receive it.  Also, this notice did not comply with Rule 21a of the Texas Rules
of Civil Procedure, which requires that, when a notice is to be served, it is
supposed to be sent to the party’s last known address.  Tex. R. Civ. P. 21a.  As noted above, the last known address
was contained in the court order modifying the parent-child relationship, which
had not been changed.  Aegon and Monumental, which had an interest in making
sure that the beneficiary of the annuity actually received notice,[2] was
understandably wary of the notice originally attempted in this case.  RSL sent
the notice to Reese’s former mother-in-law’s post office box.  As a result of
the minimal notice attempted by RSL, Aegon and Monumental had little choice but
to appear at the hearing to protect their interests and to be certain that RSL gave
effective notice to the minor beneficiary.

            RSL also contends that the SSPA does not
provide for attorney’s fees in this case because attorney’s fees are only for
circumstances following a transfer of structured settlement payment
rights.  RSL argues that, because all of the deficiencies occurred prior to the
trial court’s approval of the transfer, the trial court could not award attorney’s
fees.  A transfer, however, is more broadly defined under the SSPA.  It
includes “any sale, assignment, pledge, hypothecation, or other alienation or
encumbrance of structured settlement payment rights made by a payee.”   Section
141.002(18).  The word “transfer” as it is used in the SSPA includes the transfer
agreement between the payee and the transferee.  In re Rapid Settlements,
Ltd., 202 S.W.3d 456, 461 (Tex. App.—Beaumont 2006, pet. denied); see
also Rapid Settlements, Ltd. v. Green, 294 S.W.3d 701, 707–08 (Tex. App.—Houston
[1st Dist.] 2009, no pet.) (arbitrator’s award of structured settlement
payments is a transfer under the SSPA).  Thus, the SSPA provided for attorney’s
fees because the transfer agreement signed by Reese qualified as a transfer
under the act.

            Even if the word “transfer” is interpreted
to not include transfer agreements, the trial court may be affirmed.  Section
141.005(2)(B) provides that the transferee (RSL) shall be liable to the
structured settlement obligor and the annuity issuer for any other liabilities
or costs, including reasonable costs and attorney’s fees “arising as a
consequence of the transferee’s failure to comply with this chapter.”  The
entire chapter deals with the procedures required for court approval.  This
phrase would have little or no meaning if RSL’s interpretation is adopted.  The
trial court’s award of attorney’s fees and expenses to Aegon and Monumental was
consistent with the purposes of the SSPA.

            Aegon filed a motion for attorney’s fees
and expenses and supporting affidavit detailing the extra time and expense it
took to respond to RSL’s noncompliance with the SSPA.  An attorney’s affidavit
regarding attorney’s fees is considered “expert opinion testimony” that may be
considered regarding the amount and reasonableness of those fees.  Owen Elec.
Supply, Inc. v. Brite Day Constr. Inc., 821 S.W.2d 283, 288 (Tex. App.—Houston
[1st Dist.] 1991, writ denied).   Unless a controverting affidavit is filed, an
affidavit as to the amount of attorney’s fees will be presumed reasonable.  Hunsucker
v. Fustok, 238 S.W.3d 421, 432 (Tex. App.—Houston [1st Dist.] 2007,
no pet.).   The reasonableness and amount of the attorney’s fees and
expenses were not contested by RSL with a controverting affidavit.  The trial
court did not abuse its discretion in granting attorney’s fees and expenses in
this case.  RSL’s sole issue is overruled.

            The judgment of the trial court is
affirmed.

 

 

                                                                                    ERIC
KALENAK

                                                                                    JUSTICE

June 14, 2012

Panel
consists of: Wright, C.J.,

McCall,
J., and Kalenak, J.




 

Opinion
filed June 14, 2012

 

                                                                                               In The

   Eleventh Court of Appeals

                                                                  ­­­____________

                                                         No.
11-10-00281-CV

                                                     _________

                                   RSL
FUNDING, LLC, Appellant

                                                             V.

  AEGON
STRUCTURED SETTLEMENTS, INC. AND MONUMENTAL 

 
                         LIFE INSURANCE COMPANY, Appellees



                                           On
Appeal from the 385th District Court

                                                          Midland
County, Texas

                                                   Trial
Court Cause No. CV47208



                                                D
I S S E N T I N G   O P I N I O N

            Because I believe
that Section 141.005 of the Structured Settlement Protection Act[3] applies
only to those matters arising after the trial court has approved a transfer, I
dissent. 

            Statutes
authorizing the award of attorney’s fees are penal in nature and in derogation
of the common law, and we must strictly construe them.  New Amsterdam Cas.
Co. v. Tex. Indus., Inc., 414 S.W.2d 914, 915 (Tex. 1967).  We review
matters of statutory construction de novo.  City of Rockwall v. Hughes,
246 S.W.3d 621 (Tex. 2008).  We use the definitions as prescribed by the legislature
and any “technical or particular meaning” the words “have acquired.”   Tex. Gov’t Code Ann. § 311.011(b) (West
2005); City of Rockwall, 246 S.W.3d at 625.  Otherwise, we are to
construe the words in a particular statute in light of “their plain and common
meaning.”  City of Rockwall, 246 S.W.3d at 625.

            The statute under
review in this case begins with these words: “[f]ollowing a transfer.”  Then
follows a list of attorney’s fees, reasonable costs, and certain other things
for which recovery is allowed under the statute.  Section 141.005.  

            Before we can
apply Section 141.005, it is necessary for us to define some of the terms in
the statute.  The word “transfer” is defined in the SSPA to include, among
other things, any sale or assignment of structured settlement proceeds.  Id.
§ 141.002(18).  “Transfer agreement” means “the agreement providing for a
transfer of structured settlement payment rights.”  Id. § 141.002(19). 
No transfer of a structured settlement payment right is effective unless and
until it is approved by the trial court as provided in the SSPA.  Id. § 141.004. 
Thus, it would seem that the word “transfer” cannot include within its
definition the term “transfer agreement.”

            A transfer does
not exist nor can it take place absent court approval.  See id.  In the
event the trial court does not approve the transfer, none of the things
mentioned in Section 141.005 will ever take place because there has been no
transfer of structured settlement payments.  Because a transfer has not taken
place, there can be no damages brought about by it.  Therefore, it would appear
that the words “[f]ollowing a transfer” mean those things listed in Section
141.005 that are incurred only after a court has approved a transfer agreement.

            For all of the
foregoing reasons, I would hold that Section 141.005 is applicable only to
those items listed there as are incurred following court approval of a transfer
agreement.  Id. § 141.005.  It is only then that a transfer has
occurred, and it is only then that anything can follow it.

            Only because I believe
that the SSPA does not provide for them, I would reverse the judgment of the
trial court and render judgment that Aegon Structured Settlements, Inc. and
Monumental Life Insurance Company take nothing in their suit for attorney’s
fees.

 

                        

                                                                                    JIM
R. WRIGHT

June 14, 2012                                                              CHIEF
JUSTICE      

Panel
consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









                [1]Tex. Civ. Prac. & Rem. Code Ann. §§ 141.001–.007 (West 2011).





                [2]See Symetra Life
Ins. Co. v. Rapid Settlements, Ltd., 599 F. Supp. 2d 809, 818–19 (S.D. Tex.
2008) (failure to comply with requirements of SSPA exposes annuity issuer to
potential risk of double payments); Transamerica Occidental Life Ins. Co. v.
Rapid Settlements, Ltd., 284 S.W.3d 385, 390 (Tex. App.—Houston [1st Dist.]
2008, no pet.) (annuity issuer has interest in avoiding exposure to competing
claims to future payments).  





                [3]Tex. Civ. Prac. & Rem. Code Ann. §§ 141.001–.007 (West 2011).