**Affirmed in Part, Reversed and Remanded in Part, and Memorandum Opinion filed October 8, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00629-CV

---

### KB CONTRACTING AND KELLY S. BOCKEL, Appellants

### V.

### WM UNITED ENTERPRISES, INC., Appellee

---

**On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2016-40599**

---

### M E M O R A N D U M   O P I N I O N

In this breach of contract case tried to the court, appellants KB Contracting and Kelly S. Bockel appeal from a judgment in favor of WM United Enterprises, Inc. In three issues, appellants contend that: (1) the trial court's failure to find in their favor is against the greater weight and preponderance of the evidence; (2) the evidence is factually insufficient to support the judgment in WM United's favor; and

(3) the evidence is factually insufficient to support a judgment against Kelly S. Bockel individually.

After reviewing the record, we agree with appellant's third issue that the judgment against Kelly S. Bockel individually is unsupported by factually sufficient evidence. We reverse the judgment in part to the extent it imposes liability against Kelly S. Bockel individually. Finding no merit to appellants' remaining issues, we affirm the remainder of the judgment. Because we sustain appellants' factual insufficiency issue, we remand for a new trial as to Kelly S. Bockel's individual liability.

## Background

WM United contracted with Giro Realty, Inc. to clear land on Giro's roughly 25-acre property located in Harris County. WM United hired KB Contracting as a subcontractor to perform the work. WM United and KB Contracting did not sign a written contract, but they agreed verbally that KB Contracting would perform the land clearing and drainage work in accordance with a written proposal for a total of $291,000. The work was to be completed in three phases, and KB Contracting was to be paid periodically on completion of the work.

KB Contracting began performing the work, and WM United paid several of KB Contracting's invoices totaling $241,000. There is evidence that KB Contracting did not fully complete the work. WM United alleges that KB Contracting failed to comply with the agreement in several respects, including by burning trees rather than hauling them off the property. Burning the trees, WM United contends, damaged the soil.

WM United sued for breach of contract and named as defendants KB Contracting and Kelly S. Bockel. In its petition, WM United alleged that "KB

2

Contracting" is a "Texas company," and that Kelly S. Bockel is "an individual and the owner of KB Contracting." WM United sought as damages the amount it incurred in subcontracting with another company to complete the land clearing and clean the property. WM United also sought attorney's fees. KB Contracting filed a counterclaim by which it sought to recover amounts allegedly due on the contract.[1]

Giro Realty intervened in the suit, seeking to remove a materialman's lien filed by KB Contracting against Giro's property. The trial court granted summary judgment to Giro and released KB Contracting's lien. Giro is not a party to this appeal.

The parties waived a jury, and the case proceeded to trial before the bench. WM United's Chief Executive Officer, William McMillen, testified that KB Contracting agreed with WM United to perform land clearing and drainage work on the property pursuant to the written proposal, which was admitted without objection. McMillen explained that the work was to be done in three phases: (1) clearing and hauling off trees, to be performed for $178,000; (2) draining a pond on the jobsite and leveling and grading the land, to be performed for $25,000; and (3) performing various site work, including "mucking out" the land and cutting "swells" for drainage, to be performed for $88,000. According to McMillen, KB Contracting completed most of the first two phases, and WM United paid KB Contracting for this work. However, phase three was not completed, and WM United paid KB Contracting for only part of that work.[2] When WM United's personnel went to the jobsite, they discovered that KB Contracting had burned trees on the site, rather than hauling them off as the parties had agreed. McMillen explained that KB

---

[1] Kelly S. Bockel is also named as a party asserting the counterclaim.

[2] McMillen testified to and provided evidence that WM United paid KB Contracting a total of $241,000.

3

Contracting's tree burning created ashes and contaminated the soil. According to McMillen, WM United spent "more than [$]50,000" to clean up the site, including hauling away the burnt material and contaminated soil. Giro Realty did not pay WM United for this remediation work.

Kelly S. Bockel, who was described at trial as KB Contracting's owner, testified that WM United did not pay KB Contracting the full contract amount "up front" but rather sent partial payments as work progressed. According to Kelly, WM United paid invoices promptly at first, but payments on later invoices were slower to arrive. Kelly testified that WM United still owed KB Contracting $50,000. In support of her claim, Kelly pointed to WM United's checks, the last of which noted on the check "Bal 50,000.00." Kelly acknowledged that she had never been to the jobsite, so she could not comment on the status of the work performed.

Kelly's husband, William Bockel, testified about the job specifics. William stated that McMillen knew KB Contracting was burning trees on the site. According to William, McMillen kept demanding "more and more and more and more. And that's why the payments – you see how the payments got slower and slower and slower and slower, and they weren't paying them anymore." William testified that "[e]verything was fine" on the site until the very end, when WM United got behind in paying KB Contracting's invoices. William stated that WM United owed KB Contracting "63,000 some-odd dollars for the work," but KB Contracting "waived the 13,000," which is how KB Contracting calculated the $50,000 amount it sought to recover from WM United. On cross-examination, William acknowledged that KB Contracting's agreement with WM United did not state that KB Contracting could burn trees on the jobsite. When shown pictures of the jobsite, William identified "ashes from the burned spoils" still on site and "spoils of a burn pile."

4

Additionally, he admitted that at least part of the jobsite had not been graded and leveled because WM United "wasn't paying us."

The trial court signed a judgment in WM United's favor, awarding it $50,000 recoverable from KB Contracting and Kelly S. Bockel, jointly and severally, as well as $11,200 in attorney's fees. Kelly timely moved to modify the judgment, seeking to have her name deleted from the judgment as a liable party because the parties to the agreement are WM United and KB Contracting, not Kelly individually. WM United filed a response, in which it argued that KB Contracting was merely an assumed name for Kelly. WM United attached to its response an assumed name record from the Brazoria County Clerk indicating that Kelly Bockel is doing business as a sole proprietorship under the assumed name KB Contracting. WM United did not offer the assumed name record into evidence during trial. The trial court denied the motion to modify the judgment.

Shortly thereafter, at KB Contracting's request, the trial court signed the following findings of fact and conclusions of law:

1. Plaintiff WM United Enterprises and Defendants KB Contracting and Kelly S. Bockel had an agreement for Defendants to perform work at the property.
2. Plaintiff performed it obligations and paid Defendants for the work Defendants performed.
3. Defendants failed to complete the work.
4. Plaintiff hired another contractor to complete the work that Defendants failed to perform.
5. Plaintiff suffered actual damages in the amount of $50,000.
6. Plaintiff is entitled to reasonable and necessary attorney's fees of $11,200.00.
7. Defendants/Cross-Plaintiffs failed to prove by a preponderance of the evidence that Plaintiff/Cross-Defendant did not comply with any agreement between Defendants and Plaintiff.

5

8. Defendants/Cross-Plaintiffs failed to prove by a preponderance of the evidence that they provided goods and/or services that Plaintiff/Cross Defendant did not compensate[] them for performing.

KB Contracting and Kelly S. Bockel timely appealed.

## Analysis

Appellants present the following three issues for review:

1. Was the trial court's failure to find in favor of KB Contracting against the greater weight and preponderance of the evidence?

2. Is there factually sufficient evidence in the record to support the trial court's judgment for WM United against KB Contracting and Kelly Bockel?

3. Is there factually sufficient evidence in the record to support the trial court's judgment against Kelly Bockel as an individual?

All three issues present challenges to the factual sufficiency of the evidence.

At the outset, we address WM United's argument that appellants have waived their arguments due to inadequate briefing. Under our rules of appellate procedure, briefs must contain "a clear and concise argument for the contentions made with appropriate citations to authorities and the record." Tex. R. App. P. 38.1(i). As WM United notes, the argument section of appellants' brief includes no legal citations. However, the table of authorities includes citations to case law, and appellants discuss the record adequately in other sections of the brief. In the interest of justice and noting our duty to construe the briefs liberally, we will consider those arguments we can reasonably discern as presented in support of appellants' stated issues. *See @.C.T.S. @dvanced Computer Tech. Servs., LLC v. Lexington Auto Repair, Inc.*,

6

No. 14-16-00497-CV, 2017 WL 3662465, at *4 (Tex. App.—Houston [14th Dist.] Aug. 24, 2017, no pet.) (mem. op.).

## A.    Standard of Review

When reviewing the factual sufficiency of the evidence, we examine the entire record, considering all the evidence both in favor of and contrary to the finding. *Vast Constr., LLC v. CTC Contractors, LLC*, 526 S.W.3d 709, 723 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam)). When a party attacks the factual sufficiency of an adverse finding on an issue on which it had the burden of proof, the party must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam). And when a party attacks the factual sufficiency of the evidence pertaining to a finding on which the party did not have the burden of proof, we may set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Bennett v. Comm'n for Lawyer Discipline*, 489 S.W.3d 58, 66 (Tex. App.—Houston [14th Dist.] 2016, no pet.). We consider all the evidence, but we will not reverse the judgment unless "the evidence which supports the [] finding is so weak as to [make the finding] clearly wrong and manifestly unjust." *Star Enter. v. Marze*, 61 S.W.3d 449, 462 (Tex. App.—San Antonio 2001, pet. denied); *see also Cain*, 709 S.W.2d at 176. The amount of evidence necessary to affirm is far less than the amount necessary to reverse a judgment. *GTE Mobilnet of S. Tex. Ltd. P'ship v. Pascouet*, 61 S.W.3d 599, 616 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). "If we determine that the evidence is factually insufficient, we must detail the evidence relevant to the issue and state in what regard the contrary evidence greatly outweighs the evidence in support of the challenged finding; we need not do so when we affirm." *Bennett*, 489 S.W.3d at 66.

We apply these standards mindful that this court is not a fact finder. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998). The trier of fact is the sole judge of witnesses' credibility and the weight afforded their testimony. *GTE Mobilnet*, 61 S.W.3d at 615-16; *see City of Keller v. Wilson*, 168 S.W.3d 802, 819-20 (Tex. 2005). Therefore, we may not pass upon the witnesses' credibility or substitute our judgment for that of the fact finder, even if the evidence would also support a different result. *GTE Mobilnet*, 61 S.W.3d at 615-16.

## B. Breach of Contract

Appellants' first two issues challenge the factual sufficiency of the evidence to support the trial court's finding that KB Contracting breached its agreement with WM United. To prevail on a breach of contract claim, a party must show: (1) the existence of a valid contract between the plaintiff and the defendant; (2) performance or tendered performance by the plaintiff; (3) breach of the terms of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *See West v. Triple B Servs., LLP*, 264 S.W.3d 440, 446 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see also Vast Constr.*, 526 S.W.3d at 718 n.6. Whether a party has performed under a contract is a fact question. *See Vast Constr.*, 526 S.W.3d at 718.

McMillen testified that WM United and KB Contracting had a valid agreement for KB Contracting to perform certain land clearing and dredging work, that WM United performed under the contract by paying KB Contracting for the work done, that KB Contracting breached the agreement by burning trees on the property rather than removing and hauling them off, and that WM United spent $50,000 to clean up the damage to the property caused by KB Contracting's breach. McMillen testified that WM United had to load the burned material and "contaminated soil" onto dump trucks, haul it out, and then level off the property.

8

McMillen explained that the remediation work WM United performed was worth "more than" $50,000. McMillen agreed that WM United had to hire equipment to do all that work, and that WM United never was paid for that work.

On the other hand, William Bockel testified that KB Contracting performed the agreement fully and that WM United refused to pay $50,000 still owed.

Although the parties presented conflicting evidence at least on the breach element, the fact finder chose which facts to accept, and in a bench trial the court is the sole judge of the witnesses' credibility and the weight given to their testimony. *See, e.g.*, *City of Keller*, 168 S.W.3d at 819. We may not pass on the witnesses' credibility or substitute our judgment for the fact finder's, even if the evidence clearly would support a different result. *Maritime Overseas Corp.*, 971 S.W.2d at 407. Here, the trial court, as fact finder, credited McMillen's testimony and did not credit William's version of events.

Viewing the evidence as a whole, appellants have not demonstrated that the trial court's liability findings are against the great weight and preponderance of the evidence. *See Francis*, 46 S.W.3d at 242. Accordingly, we overrule appellants' first two issues.

## C. Judgment Against Kelly S. Bockel Individually

In a third issue, appellants challenge the judgment against Kelly individually. Though appellants could have briefed this issue more thoroughly, they at least have asserted that the evidence is factually insufficient to support the judgment and that WM United made no effort to prove Kelly's individual liability under the agreement. In response, WM United contends that KB Contracting and Kelly are one and the same because Kelly is merely doing business under the assumed name of KB Contracting; thus, an agreement with KB Contracting is an agreement with Kelly.

9

An assumed name under which an individual does business is a sole proprietorship, and under Texas law the sole proprietor and the sole proprietorship are one and the same person. *CA Partners v. Spears*, 274 S.W.3d 51, 62 n.6, 69 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). WM United attached to its appellate brief a copy of an assumed name record from the Brazoria County Clerk supporting its argument that Kelly is doing business under the assumed name of KB Contracting. But WM United has not established that the assumed name document was introduced into evidence at trial, and our record reveals that it was not. With limited exceptions not relevant here, an appellate court may not consider matters outside the appellate record. *See Tex. Cent. Partners, LLC v. Grimes County*, 580 S.W.3d 824, 830 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *In re C.C.E.*, 530 S.W.3d 314, 317 n.1 (Tex. App.—Houston [14th Dist.] 2017, no pet.). For purposes of conducting a factual sufficiency review, we are limited to considering only evidence introduced at trial. *See CBS Outdoor, Inc. v. Potter*, No. 01-11-00650-CV, 2013 WL 269091, at *16 (Tex. App.—Houston [1st Dist.] Jan. 24, 2013, pet. denied) (mem. op.). Thus, we may not consider the assumed name document WM United filed with its brief.

As the plaintiff, it is WM United's burden to plead and prove a basis for liability against the defendants. *See* Tex. R. Civ. P. 47 (requisites of plaintiff's pleading), 301 (judgment must conform to pleadings). Only parties to a contract may be held liable for the contract's breach. *See Rapid Settlements, Ltd. v. Green*, 294 S.W.3d 701, 706 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (contract cannot bind non-party).

The judgment grants recovery to WM United against both KB Contracting and Kelly. In its findings of fact, the trial court did not find that KB Contracting was an assumed name for Kelly; rather, the court found that WM United had an

agreement with both KB Contracting and Kelly. Yet, the written proposal itself shows the agreement was between only WM United and KB Contracting. At trial, no one testified that Kelly was a party to the agreement. Thus, we conclude that the finding that WM United had an agreement with Kelly is not supported by factually sufficient evidence. We sustain appellants' third issue.

The remedy for a judgment based on factually insufficient evidence is a new trial.[3] *Cressman Tubular Prods. Corp. v. Kurt Wiseman Oil & Gas, Ltd.*, 322 S.W.3d 453, 462-63 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). Appellants request that we render judgment on their own affirmative claim but have not specifically prayed for remand. As a general rule, however, we can grant parties less relief than requested. *E.g.*, *Zaidi v. Shah*, 502 S.W.3d 434, 445 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (collecting cases). We do so here.

## Conclusion

We affirm the portion of the judgment granting recovery in WM United's favor against KB Contracting. We reverse the portion of the judgment granting recovery in WM United's favor against Kelly S. Bockel individually, and we remand for a new trial as to Kelly's individual liability consistent with this opinion.


/s/    Kevin Jewell
Justice


Panel consists of Justices Christopher, Jewell, and Zimmerer.

---

[3] Appellants do not assert a legal sufficiency challenge.

11